[No. 23195-6-II. °Division Two. April 9, 1999.]

FUSAKO HENLEY, *Respondent,* v. EARL HENLEY, *as Personal Representative,* ET AL., *Appellants.*

*Alan E. Millet* of *Alan E. Millet, P.S.*, for appellant.
*Rosemarie Henley*, pro se.
*Gerald A. Kearney*, for respondent.

Hunt, J. — Earl Henley and Rosemarie Henley appeal the trial court's dismissal of their claim of entitlement to their father's (Edwin Henley) life insurance proceeds, for which their father's third wife, Fusako Henley, was the named beneficiary. Holding that RCW 11.07.010's extinguishment of beneficiary status upon divorce is applicable only to dissolutions entered by superior courts of the State of Washington, we affirm.

## FACTS

Edwin Henley had two previous marriages, with children born during both, before he married Fusako Henley in Hawaii in 1973. Edwin designated Fusako[1] as his benefi-

---

[1]We refer to the parties by their first names for the sake of clarity; we intend no disrespect.

ciary under two life insurance policies he had held since the late 1950s. Edwin and Fusako separated in 1979 when Edwin moved to Hong Kong. In 1996, Edwin obtained a divorce from Fusako in Hong Kong. Edwin did not change the beneficiary on his life insurance policies.

In late 1996, Edwin moved to Clallam County, where he died shortly thereafter. There were multiple claimants for the proceeds of his life insurance policies: (1) Earl Henley, Edwin's son from his first marriage and executor of Edwin's estate; (2) Rosemarie Henley, Edwin's daughter from his second marriage; and (3) Fusako, who remained the designated beneficiary. The two insurance companies, John Hancock and Reliastar, filed interpleader actions, which were consolidated.[2]

Fusako claimed that she and Edwin were still married at the time of his death[3] and that, as listed beneficiary, she was entitled to the proceeds of the two policies. Earl and Rosemarie argued that RCW 11.07.010 operated to remove Fusako as beneficiary and that: (1) the proceeds of the John Hancock policy should be payable to Rosemarie, as the secondary beneficiary under that policy; and (2) the proceeds of the Reliastar policy should be payable to Edwin's estate, because no secondary beneficiary was listed on that policy.[4] The trial court granted summary judgment to Fusako, holding that RCW 11.07.010 does not apply where the dissolution decree was entered by a foreign court. Edwin and Rosemarie appealed.

## ANALYSIS

### I. STANDARD OF REVIEW

When reviewing an order of summary judgment,

---

[2]The two insurance companies, having paid the policies' proceeds into the court, were dismissed from the lawsuit and are not involved in this appeal.

[3]The status of Fusako and Edwin's marriage at the time of his death is irrelevant to this opinion.

[4]Earl and Rosemarie also quote the Fourteenth Amendment of the U.S. Constitution, and article I, section 12, of the Washington State Constitution, but neither brief the issues, nor cite to authority. Thus, we do not review these issues. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990); *see also* RAP 10.3(a)(5).

an appellate court engages in the same inquiry as the trial court. *In re Estates of Hibbard*, 118 Wn.2d 737, 744, 826 P.2d 690 (1992). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Honey v. Davis*, 131 Wn.2d 212, 217, 930 P.2d 908 (1997). Summary judgment should be granted only if reasonable persons could reach but one conclusion after considering the evidence presented in the light most favorable to the nonmoving party. *In re Estate of Egelhoff*, 93 Wn. App. 314, 968 P.2d 924, 926 (1998).

## II. RCW 11.07.010
## A. EXPRESS LIMITATION OF THE STATUTE

It is a general rule that when a husband names his wife as the beneficiary of a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the mere fact of divorce does not affect the right of the named beneficiary to the proceeds of the insurance policy.

*Damon v. Northern Life Ins. Co.*, 23 Wn. App. 877, 879, 598 P.2d 780 (1979) (citations omitted). Thus, as the named beneficiary of Edwin's life insurance policies, Fusako is entitled to the proceeds unless some other provision of law operates to divest her of her beneficiary interest in the policies.

██ RCW 11.07.010 is not applicable and, therefore, does not remove Fusako as beneficiary of Edwin's life insurance policies. This statute, which carves out an exception to the general rule cited above, provides, in relevant part:

**Nonprobate assets on dissolution or invalidation of marriage**

(1) *This section applies to all nonprobate assets, wherever situated, held at the time of entry by a superior court of this state of*

*a decree of dissolution of marriage or a declaration of invalidity.*

(2)(a) If a marriage is dissolved or invalidated, a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse failed to survive the decedent, having died at the time of entry of the decree of dissolution or declaration of invalidity.

. . . .

(5) As used in this section, "nonprobate asset" means those rights and interests of a person having beneficial ownership of an asset that pass on the person's death under only the following written instruments or arrangements other than the decedent's will:

(a) A payable-on-death provision of a life insurance policy, employee benefit plan, annuity or similar contract, or individual retirement account[.]

RCW 11.07.010 (emphasis added).

Edwin obtained his decree of divorce from Fusako in Hong Kong. But RCW 11.07.010(1) expressly limits its application to "decree[s] of dissolution of marriage" entered "by a superior court of this state[.]" Accordingly, the statute does not operate here to remove Fusako as beneficiary of Edwin's life insurance policies.

## B. COMITY

 Earl and Rosemarie argue that principles of comity and justice make RCW 11.07.010 applicable in this case, despite the express contrary language of the statute.[5] They

---

[5]Earl and Rosemarie also cite *Aetna Life Ins. Co. v. Wadsworth*, 102 Wn.2d 652, 689 P.2d 46 (1984), for the proposition that a beneficiary ex-spouse is

rely on *Hilton v. Guyot*,[6] arguing that as a matter of comity a foreign divorce decree generally should be recognized in the United States. While we agree with this assertion, it does not resolve the issue here: Recognizing a foreign divorce as terminating a marriage does not give a foreign divorce legal status equivalent to a degree of dissolution entered by a Washington court. The issue here is not whether Edwin's Hong Kong divorce is valid under Washington law;[7] rather, the issue is whether the Hong Kong divorce triggers the express terms of RCW 11.07.010. We hold that it does not.

■ ■ Earl and Rosemarie argue that RCW 11.96.020 empowers the courts "to do what is just and equitable in the circumstances." This statute gives courts the power to act in a probate proceeding in situations where the provisions of the probate code are "inapplicable, insufficient, or doubtful[.]" RCW 11.96.020. *See also In re Estate of Toth*, 91 Wn. App. 204, 207, 955 P.2d 856 (1998). The statute does not give courts the power to ignore the express language of a statute, such as RCW 11.07.010. Generally, "[i]n construing a statute, it is always safer not to add to,

___

automatically divested of the right to insurance proceeds if the insured ex-spouse dies within one year of the date of the decree of dissolution. But under *Wadsworth*, an ex-spouse cannot be divested as beneficiary unless the deceased insured ex-spouse has explicitly evinced an intent to remove that ex-spouse as beneficiary and simply dies before being able to carry out his or her intentions. *Wadsworth*, 102 Wn.2d at 662.

Here, Edwin never showed any intention of removing Fusako as beneficiary of his life insurance policies; he clearly had ample opportunity to remove Fusako as beneficiary over the course of their 17 years of separation preceding the divorce, yet he never did so. As the *Wadsworth* court noted, where an ex-spouse remains listed as beneficiary on an insurance policy long after the end of the marriage, courts presume that the insured ex-spouse intended to keep that ex-spouse as beneficiary of the policy. *Wadsworth*, 102 Wn.2d at 662. Although we noted in *Egelhoff* that *Wadsworth* was probably no longer good law with regard to ERISA-covered plans, it appears to remain good law with regard to non-ERISA covered plans, except as modified by RCW 11.07.010. *Egelhoff*, 93 Wn. App. at 328 n.17. Nevertheless, *Wadsworth* provides no support for Earl's and Rosemarie's position because they have produced no evidence that Edwin intended to extinguish Fusako's beneficial interest in the life insurance policies.

[6]159 U.S. 113, 16 S. Ct. 139, 140 L. Ed. 95 (1895).

[7]The trial court in its order granting summary judgment to Fusako indicated that the "Hong Kong Decree is valid in the State of Washington." Thus, the trial court did recognize, under the principle of comity, the Hong Kong decree.

or subtract from, the language of the statute unless imperatively required to make it a rational statute." *Applied Indus. Materials Corp. v. Melton*, 74 Wn. App. 73, 79, 872 P.2d 87 (1994). "Courts cannot read into a statute words which are not there." *Coughlin v. City of Seattle*, 18 Wn. App. 285, 289, 567 P.2d 262 (1977).

We decline to read into RCW 11.07.010 language making it applicable to foreign divorce decrees, or to delete from RCW 11.07.010 the phrase "by a superior court of this state[.]" Such judicial manipulation is not only unnecessary to "make it a rational statute"; on the contrary, it would directly contradict the express language of the statute. "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *City of Seattle v. State*, 136 Wn.2d 693, 698, 965 P.2d 619 (1998) (citation omitted).

We hold that RCW 11.07.010 is inapplicable to foreign divorce decrees. We uphold the trial court's ruling that Fusako was the proper recipient of the life insurance proceeds, and we affirm the summary judgment.

MORGAN and HOUGHTON, JJ., concur.