[No. 23670-2-II.   Division Two.   July 16, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY WAYNE CHAPMAN, *Appellant*.

*Scott Steven Schwieger*, for appellant (appointed counsel for appeal).

*Ed Holm, Prosecuting Attorney*, and *Audrey Jean Broyles, Deputy*, for respondent.

HOUGHTON, J. — The trial court granted Lisa Titchell's

petition for an order of protection against Gregory Wayne Chapman. The order restrained Chapman from causing harm or coming near to or having any contact with Titchell or her children and excluded him from entering or coming within one mile of Titchell's residence. Chapman appeals from his felony conviction for violation of this order on grounds that his actions were not subject to criminal prosecution. We reverse.

## FACTS

The following facts are uncontested. On June 7, 1998, Rosanna Cowan was in Titchell's apartment watching Titchell's children. Cowan saw Chapman standing in some bushes across the street from Titchell's apartment complex. Chapman saw Cowan and began walking toward her. Knowing that Titchell had a protection order against him, Cowan became frightened and ran inside to tell her mother, Gwen Abba, that Chapman was outside.

Abba went outside, peeked around a corner, and saw Chapman. Abba then went to warn Titchell, who was with her children in a park behind their apartment complex. After Abba warned her, Titchell walked around the building and saw Chapman in some bushes, approximately 50 feet from her front door. Chapman "took off" after seeing Titchell. Titchell telephoned 911 dispatch to tell the authorities that Chapman had violated her protection order. Deputy Gary Daurelio responded to the call and picked up Chapman approximately one-eighth of a mile away from the apartment complex.

The State charged Chapman with felony violation of a protection order, RCW 26.50.110, excluding him from coming within one mile of the residence of Titchell and her children. Before trial, Chapman moved to dismiss, challenging the validity of the protection order. The trial court denied Chapman's motion.

At the close of the State's case in chief, Chapman moved to dismiss, again arguing that the protection order was in-

valid and that he had not committed a crime under RCW 26.50.110. The trial court denied the motion.

Chapman then proposed a jury instruction consistent with his assertion that he committed no crime when he stood across the street from Titchell's residence. The trial court declined to instruct the jury as Chapman proposed.[1]

The jury found Chapman guilty of felony violation of a protection order and he appeals.

## ANALYSIS

Chapman contends the trial court erred in denying his motion to dismiss on grounds that he was charged with committing an act that is not a felony.

The Order of Protection entered against Chapman provided that:

Respondent is RESTRAINED from causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking [Lisa Titchell, Gregory Chapman, Jr., and Christina Eschevarria]:

Respondent is RESTRAINED from coming near and from having any contact whatsoever, in person or through others, by phone, mail, or any means, directly or indirectly, except for mailing of court documents, with [Lisa Titchell, Gregory Chapman, Jr. and Christina Eschevarria];

If both parties are in the same location, respondent shall leave.

---

[1]The trial court instructed the jury as follows:

To convict the defendant of the crime of Felony Violation of a Protection Order as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

That on or about June 7th, 1998, the defendant violated an order for protection prohibiting him from coming within one mile of the residence of Lisa Titchell by being at a location directly across the street from her home.

Number two, that the violation was willful.

Number three, that the defendant had at least two previous convictions for violating a protection order or no-contact order.

And four, that the acts occur in the State of Washington.

Respondent is EXCLUDED from entering or coming within one mile (distance) of petitioner's residence [location] and any other residence.

■ Chapman was convicted of felony violation of a protection order under RCW 26.50.110(5). RCW 26.50.110 provides, in part, as follows:

(1) Whenever an order for protection is granted under this chapter and the respondent or person to be restrained knows of the order, *a violation of the restraint provisions or of a provision excluding the person from a residence*, workplace, school or day care is a gross misdemeanor except as provided in subsections (4) and (5) of this section.[2]

(Emphasis added.)

RCW 26.50.110 makes it a crime to violate only three types of provisions in a protection order. *Jacques v. Sharp*, 83 Wn. App. 532, 540, 922 P.2d 145 (1996). Two are "restraint" provisions; one restrains the respondent from committing acts of domestic violence on the petitioner, RCW 26.50.060(1)(a), and the other restrains the respondent from contacting a victim of domestic violence or his or her family, RCW 26.50.060(1)(g). The third provision excludes the respondent from the petitioner's residence, workplace, school or day care. RCW 26.50.060(1)(b). The statute provides that all other violations of a protection order do not constitute crimes, but rather, subject the respondent to contempt proceedings. RCW 26.50.110(3). *See also Jacques*, 83 Wn. App. at 542.

---

[2]RCW 26.50.110 (4) and (5) provide:

(4) Any assault that is a violation of an order issued under this chapter and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony, and any conduct in violation of a protective order issued under this chapter that is reckless and creates a substantial risk of death or serious physical injury to another person is a class C felony.

(5) A violation of a court order issued under this chapter is a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order issued . . ., [or] a domestic violence protection order . . . .

Here, the parties do not dispute that Chapman was within one mile of Titchell's residence in violation of an exclusion provision of the protection order.[3] The parties also stipulated that Chapman had been previously convicted of two separate violations of a no-contact order or a protection order.

Chapman argues that his violation of the exclusion provision subjected him only to contempt and not criminal proceedings. In support of his contention, Chapman cites *Jacques v. Sharp*, and argues that he did not violate one of the three types of provisions that allow for criminal penalties. Chapman asserts that his conduct did not constitute a crime because RCW 26.50.060(1)(b) authorizes a court only to exclude a respondent from the petitioner's residence, and that it does not authorize a court to exclude a respondent from coming within one mile of the petitioner's residence. Moreover, Chapman argues that although RCW 26.50.060(1)(e) allows a court to provide "other relief as it deems necessary for the protection of the petitioner," a respondent who violates RCW 26.50.060(1)(e) is subject to contempt proceedings. *Jacques*, 83 Wn. App. at 542.

In *Jacques*, the protection order prohibited the respondent from "entering the Magnolia area in Seattle for a period of 10 years." *Jacques*, 83 Wn. App. at 534. Jacques was arrested for violation of the protection order while at a market in the Magnolia district. The court determined that the "geographic scope of the order [was] too broad to constitute an exclusion from [petitioner's] Magnolia residence." *Id.* at 543. Thus, the court held that the respondent's violation of the protection order did not constitute one of the three types of criminal violations under RCW 26.50. Accordingly, Jacques was subject only to contempt proceedings. *Id.*

■ Here, as in *Jacques*, the geographic scope of the or-

---

[3]The order for protection stated as follows:

Respondent is EXCLUDED from entering or coming within one mile (distance) of petitioner's residence.

der excludes Chapman from more than Titchell's residence, workplace, school or day care. RCW 26.50.060(1)(b) does not authorize a court to exclude a respondent from any particular distance from such sites. Because we cannot read words into a statute that are not there, *see Henley v. Henley*, 95 Wn. App. 91, 97-98, 974 P.2d 362 (1999), we conclude that Chapman was not subject to criminal prosecution for coming within one mile of Titchell's residence.

But we note that there is a countervailing policy argument. We previously held that "[t]he legislative intent in passing the domestic violence laws [was] to reduce the occurrence of domestic violence." *See State v. Dejarlais*, 88 Wn. App. 297, 302, 944 P.2d 1110 (1997) (citing LAWS OF 1992, ch. 111, § 1), *aff'd*, 136 Wn.2d 939, 944, 969 P.2d 90 (1998). And if there is not a reasonable geographic restriction surrounding a residence, workplace, school or day care, a respondent could "sit just outside a victim's residence, [as Chapman did here], exerting fear and intimidation over their victim, and yet not be subject to criminal penalties . . . ." Br. of Resp't at 2. Thus, a strict reading of RCW 26.50.060(1)(b) that does not include a distance beyond the residence could lead to unfortunate consequences given the purpose of domestic violence laws.[4]

■ There are sound policy reasons to exclude respondents from the residence and a reasonable distance therefrom because the objective of the domestic violence laws is to reduce its occurrence. But whether a distance requirement should be included in RCW 26.50.060(1)(b) is for the Legislature to decide; the drafting of a statute is a legislative, not a judicial function. *State v. Enloe*, 47 Wn. App. 165, 170, 734 P.2d 520 (1987). It is the Legislature's duty to reweigh interests in determining whether RCW 26.50-.060(1)(b) needs to be amended to include some type of a "buffer" or "protective" zone. *See Erection Co. v. Depart-*

---

[4]In other contexts, it is clear that the Legislature is capable of including a distance requirement in protecting victims from perpetrators of crimes. *See, e.g.*, RCW 69.50.435(a)(3) and (4) (providing for sentence enhancement for drug-related offenses committed within "one thousand feet of a school bus route" or "one thousand feet of the perimeter of the school grounds."

*ment of Labor & Indus.*, 121 Wn.2d 513, 523, 852 P.2d 288 (1993). Our duty is limited to interpreting the statute as written, and we can neither modify nor rewrite its language to avoid an ambiguity or difficulty in applying it. *Millay v. Cam*, 135 Wn.2d 193, 203, 955 P.2d 791 (1998); *see Associated Gen. Contractors v. King County*, 124 Wn.2d 855, 865, 881 P.2d 996 (1994) (courts may not create legislation in guise of interpreting it).

## JURY INSTRUCTIONS

In his reply brief, Chapman contends the trial court erred in refusing to provide his proposed jury instruction. Our disposition makes consideration of this issue unnecessary.

Reversed.

ARMSTRONG, A.C.J., and HUNT, J., concur.

Review granted at 139 Wn.2d 1014 (1999).