998 P.2d 282 (2000)
140 Wash.2d 436
STATE of Washington, Petitioner,
v.
Gregory Wayne CHAPMAN, Respondent.
No. 68416-2.
Supreme Court of Washington.
Argued March 7, 2000.
Decided April 27, 2000.
*283 Ed Holm, Thurston County Prosecutor, Ms. Audrey Jean Broyles, Deputy, Olympia, for Petitioner.
Scott Steven Schwieger, Tacoma, for Respondent.
SMITH, J.
Petitioner State of Washington seeks review of a decision by the Court of Appeals, Division II, which reversed a Thurston County Superior Court conviction of Respondent Gregory Wayne Chapman for a class C felony violation of a domestic violence protection order under RCW 26.50.110(5). The Court of Appeals concluded Respondent was not subject to criminal prosecution for violation of the protection order which prohibited him from coming within one mile of Ms. Lisa Titchell's residence. We granted review. We reverse.

QUESTIONS PRESENTED
The questions presented in this case are: (1) whether a third violation of a domestic violence protection order, which prohibits Respondent from coming within one mile of a named person's residence, when Respondent has two prior convictions for violation of domestic violence no-contact orders, constitutes a class C felony under RCW 26.50.110(5) although Respondent did not enter the residence; and (2) whether there is a basis for sanctions against Petitioner State of Washington under RAP 18.9 for filing a petition for review which Respondent asserts was "unfounded in law and improper in purpose."

STATEMENT OF FACTS
The facts in this case are not in dispute. On April 8, 1998, the Thurston County Superior Court, Commissioner Pro Tempore Jean E. Meyer, granted Ms. Lisa Titchell's petition for an order of protection against Respondent Gregory W. Chapman.[1] The significant portion of the order provided that:
Respondent is RESTRAINED from causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking [Lisa Titchell, Gregory Chapman, Jr., and Christina Echevarria]:
Respondent is RESTRAINED from coming near and from having any contact whatsoever, in person or through others, by phone, mail, or any means, directly or indirectly, except for mailing of court documents, with [Lisa A. Titchell, Gregory Wayne Chapman, Jr., and Christina Echevarria]:
If both parties are in the same location, respondent shall leave.
Respondent is EXCLUDED from entering or coming within one mile (distance) of petitioner's residence. At present petitioner's address is the following: 8030 S.E. 3rd Ave., Apt. B, Lacey, WA, and any other residence.
. . . .
Restrain respondent from entering or being within one mile (distance) of my [sic] [Lisa A Titchell's] residence, school, daycare or school of the minors ... SPCCC; Olympic View Elementary, Creative Discovery Day Care.[[2]]
. . . .
(Emphasis added.)
On June 7, 1998, Ms. Rosanna L. Cowan observed Respondent twice, while her mother, Ms. Gwen H. Abba, observed him three times on that day.[3] On the second occasion, Ms. Cowan noticed Respondent standing in some bushes on the corner of Bicentennial and Third Avenue, across the street from Ms. Titchell's apartment complex in Lacey, *284 Washington.[4] Respondent saw Ms. Cowan and began walking towards her.[5] Aware of the order of protection Ms. Titchell had obtained against Respondent, she was frightened and ran upstairs to inform her mother that he was outside.[6]
The mother, Ms. Abba, went downstairs, looked around the corner, and verified it was Respondent.[7] She then went to tell Ms. Titchell Respondent was outside. Ms. Titchell at the time was with her two children, ages 4 and 11, in a park behind her apartment complex. After Ms. Abba's warning, Ms. Titchell walked around the building and observed Respondent behind a bush approximately 50 to 75 feet from her front door.[8] Respondent saw her and "took off."[9] She telephoned 911 to report Respondent's violation of the protection order.[10] Thurston County Deputy Sheriff Gary Daurelio responded to the call. He apprehended Respondent about one-eighth of a mile from Ms. Titchell's apartment complex at approximately 3:30 p.m.[11]
On June 17, 1998, the Thurston County Prosecuting Attorney filed an information in the Thurston County Superior Court charging Respondent with one count of felony violation of a no-contact order under RCW 26.50.110(5) (later amended to charge violation of an "order of protection").[12] The case proceeded to a jury trial before the Honorable Gary R. Tabor on August 12, 1998. At the outset of trial, Respondent made a motion to dismiss, claiming he could not be held criminally liable under RCW 26.50.110 for violation of an order of protection that prohibited him from coming within one mile of the residence of Ms. Titchell and her children because the Superior Court had no authority to enter such an order.[13] The trial court denied the motion.[14]
At trial, the parties stipulated that Respondent had been convicted of two previous violations of no-contact orders.[15] At conclusion of the State's case, Respondent again moved to dismiss, arguing he did not commit a crime under RCW 26.50.110.[16] The trial court denied the motion, stating "the provision that excluded the defendant from coming within one mile of [Ms. Titchell's] residence, a specifically named location, is clearly a restraint provision under [RCW] 26.50.060(1)(b) excluding the [R]espondent from the dwelling."[17] The court reasoned that "excluding a person from a dwelling can include a reasonable area surrounding the dwelling."[18]
Respondent proposed two jury instructions consistent with his assertion that he committed no crime when he stood across the street from Ms. Titchell's residence. The trial court declined to give the instructions. The *285 jury found Respondent "guilty" of a class C felony violation of a protection order as charged in the amended information.[19] Respondent does not dispute the jury's finding that he violated the terms of the April 8, 1998 protection order by coming within one mile of Ms. Titchell's residence, but he does question the authority of the trial court to impose the one-mile restriction.[20]
On August 26, 1998, Respondent filed a notice of appeal to the Court of Appeals, Division II,[21] followed by a motion to shorten time under RAP 18.8(a) on October 28, 1998.[22] Court of Appeals Commissioner Donald G. Meath on November 9, 1998 granted the motion for accelerated review.[23] The Court of Appeals on July 16, 1999, the Honorable Elaine Houghton writing, reversed Respondent's conviction.[24] The court disagreed with the trial court's conclusion, relying upon a decision of the Court of Appeals, Division I, Jacques v. Sharp.[25] The court stated:
Here, as in Jacques, the geographic scope of the order excludes [Respondent] Chapman from more than [Ms.] Titchell's residence, workplace, school or day care. RCW 26.50.060(1)(b) does not authorize a court to exclude a respondent from any particular distance from such sites. Because we cannot read words into a statute that are not there, see Henley v. Henley [ 95 Wash.App. 91, 974 P.2d 362 (1999)], [citation omitted] we conclude that [Respondent] was not subject to criminal prosecution for coming within one mile of [Lisa] Titchell's residence.[26]
Petitioner State of Washington then sought review by this Court, which we granted on December 2, 1999.

DISCUSSION

VIOLATION OF A THIRD DOMESTIC VIOLENCE PROTECTION ORDER
RCW 26.50.110 under the Domestic Violence Prevention Act provides that:
(1) Whenever an order for protection is granted under this chapter and the respondent or person to be restrained knows of the order, a violation of the restraint provisions or of a provision excluding the person from a residence, workplace, school, or day care is a gross misdemeanor except as provided in subsections (4) and (5) of this section. Upon conviction, and in addition to any other penalties provided by law, the court may require that the respondent submit to electronic monitoring....
(2) A peace officer shall arrest without a warrant and take into custody a person whom the peace officer has probable cause to believe has violated an order issued under this chapter that restrains the person or excludes the person from a residence, workplace, school, or day care, if the person restrained knows of the order....
(3) A violation of an order for protection shall also constitute contempt of court, and is subject to the penalties prescribed by law.
(4) Any assault that is a violation of an order issued under this chapter and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony, and any conduct in violation of a protective order *286 issued under this chapter that is reckless and creates a substantial risk of death or serious physical injury to another person is a class C felony.
(5) A violation of a court order issued under this chapter is a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order issued under chapter 10.99 RCW, a domestic violence protection order issued under chapter 26.09, 26.10, or 26.26 RCW or this chapter, or any federal or out-of-state order that is comparable to a no-contact or protection order issued under Washington law. The previous convictions may involve the same victim or other victims specifically protected by the no-contact orders or protection orders the offender violated.
. . . .
(Emphasis added.)
RCW 26.50.060 provides in pertinent part that:
(1) Upon notice and after hearing, the court may provide relief as follows:
(a) Restrain the respondent from committing acts of domestic violence;
(b) Exclude the respondent from the dwelling which the parties share, from the residence, workplace, or school of the petitioner, or from the day care or school of a child;

(c) On the same basis as is provided in chapter 26.09 RCW, the court shall make residential provision with regard to minor children of the parties. However, parenting plans as specified in chapter 26.09 RCW shall not be required under this chapter;
(d) Order the respondent to participate in batterers' treatment;
(e) Order other relief as it deems necessary for the protection of the petitioner and other family or household members sought to be protected, including orders or directives to a peace officer, as allowed under this chapter;

(f) Require the respondent to pay the administrative court costs and service fees, as established by the county or municipality incurring the expense and to reimburse the petitioner for costs incurred in bringing the action, including a reasonable attorney's fee;
(g) Restrain the respondent from having any contact with the victim of domestic violence or the victim's children or members of the victim's household;
(h) Require the respondent to submit to electronic monitoring....[27]
. . . .
(Emphasis added.)
At trial, Respondent Gregory Wayne Chapman twice moved to dismiss the charge of felony violation of a protection order under RCW 26.50.110(5). He argued his June 4, 1998 violation of the protection order prohibiting him from coming within one mile of Ms. Titchell's residence subjected him only to a contempt citation under RCW 26.50.110(3) and not to criminal prosecution.[28] Respondent acknowledges that RCW 26.50.060(1)(e) does provide the court with broad authority to grant relief to a petitioner as "it deems necessary for the protection of the petitioner...", but nevertheless argues that violating a court order authorized under RCW 26.50.060(3) subjects the violator only to contempt of court and not to criminal prosecution.
*287 Respondent also asserts that although RCW 26.50.060(1)(b) does give the court authority to exclude him from a "location," it does not authorize the court to exclude him from coming within a "geographical area or distance" from Ms. Titchell's residence,[29] nor does "the act of being ... present within a restricted zone created by [an order of] a superior court ... subject a person to [criminal] sanctions."[30] Respondent claims his conduct did not constitute a crime because he did not enter Ms. Titchell's residence.[31] Respondent argues he cannot be convicted of a class C felony under RCW 26.50.110(5) because his third violation of a court order, which places his case in that category, at most constitutes contempt of court under RCW 26.50.110(3) and does not subject him to criminal prosecution. He overlooks the fact that contempt of court may be either civil or criminal, depending upon the circumstances leading to the citation.[32]
While a court is authorized under RCW 26.50.060(1)(e) to impose terms in an order of protection as it "deems necessary for the protection of the petitioner ...", the trial court in this case denied Respondent's motions to dismiss, citing only RCW 26.50.060(1)(b), but not referring to (1)(e). The court interpreted the term "residence" to include a "reasonable area surrounding the dwelling."[33] The Court of Appeals, Division II, reversed Respondent's conviction, concluding the trial court erred because "RCW 26.50.060(1)(b) does not authorize a court to exclude a respondent from any particular distance from [a residence]."[34] The Court of Appeals was only partially correct. But because the Court of Appeals did not consider subsection (1)(e) and did not harmonize RCW 26.50.110(1) with subsection (5), its reversal of Respondent's class C felony conviction was in error.
Petitioner State of Washington argues the conviction of Respondent under RCW 26.50.110(5) was proper because the trial court's interpretation of RCW 26.50.060(1)(b) was correct.[35] Petitioner claims RCW 26.50.060(1)(b) should be interpreted broadly to include a one-mile zone around a protected person's residence.[36] Petitioner argues the word "exclude" in RCW 26.50.060(1)(b) should be interpreted to include "a range of space from a person's residence."[37] Petitioner also asserts such a reading would be consistent with "public policy" and would "afford victims greater protection from their abusers."[38] This is a specious argument and is not persuasive.
RCW 26.50.110(1) reads: "[A] violation of the restraint provisions or of a provision excluding the person from a residence, workplace, school, or day care is a gross misdemeanor except as provided in subsections (4) and (5) of this section...." The Court of Appeals, Division I, in Jacques v. Sharp examined the legislative history of RCW 26.50.110(1)[39] and concluded the Legislature *288 intended to subject a person to criminal liability only for violation of orders which restrain under RCW 26.50.060(1)(a) and (g) and exclude under subsection (b).[40] Petitioner does not dispute this conclusion of the Court of Appeals. But we do not rely upon that Court of Appeals decision in reaching our conclusion in this case.
This Court has not previously interpreted the language of RCW 26.50.110(5), which reads: "A violation of a court order issued under this chapter is a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order .... [or] a domestic violence protection order...." Subsection (5) speaks only in general terms, as does subsection (3), which reads: "A violation of an order for protection shall also constitute contempt of court...."[41] This language is plain and unambiguous.
Under rules of statutory construction each provision of a statute should be read together (in pari materia) with other provisions in order to determine the legislative intent underlying the entire statutory scheme.[42] The purpose of interpreting statutory provisions together with related provisions is to achieve a harmonious and unified statutory scheme that maintains the integrity of the respective statutes.[43] Statutes relating to the same subject will be read as complementary, instead of in conflict with each other.[44] RCW 26.50.110(1) and (5) relate to relief and penalties for violation of protection orders and should be read together.[45]
RCW 26.50.110(1) is not inconsistent with RCW 26.50.110(5). Reading the two provisions together, one logically concludes violation of a no-contact or protection order subjects the violator to criminal prosecution only if certain stringent conditions are met.[46] Where a person who has been convicted of two previous violations of a no-contact or domestic violence protection order comes before the court on a third violation of a no-contact or domestic violence protection order, the person is subject to a class C felony charge under RCW 26.50.110(5). RCW 26.50.110(5) applies to a third violation without reference to whether that violation, standing alone, would subject the offender to criminal prosecution.
The only statutory definition of "conviction" is contained in RCW 9.94A.030(10) which defines the term "conviction" as "an adjudication of guilt pursuant to Titles 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty."[47] Black's Law Dictionary broadly defines "conviction" as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged...."[48]
*289 Black's Law Dictionary defines and discusses "contempt of court" as:
Any act which is calculated to embarrass, hinder, or obstruct court in administration of justice, or which is calculated to lessen its authority or dignity. Committed by a person who does any act in willful contravention of its authority or dignity, or tending to impede or frustrate the administration of justice, or by one who, being under the court's authority as a party to a proceeding therein, willfully disobeys its lawful orders or fails to comply with an undertaking which he has given.

. . . .

Contempts are also classed as civil or criminal. The former are those quasi contempts which consist in the failure to do something which the party is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are acts done in disrespect of the court or its process or which obstruct the administration of justice or tend to bring the court into disrespect. A civil contempt is not an offense against the dignity of the court, but against the party in whose behalf the mandate of the court was issued, and a fine is imposed for his indemnity. But criminal contempts are offenses upon the court such as wilful disobedience of a lawful writ, process, order, rule, or command of court, and a fine or imprisonment is imposed upon the contemnor for the purpose of punishment.[49]
(Emphasis added.)
Respondent stipulated at trial to "two prior convictions" for violation of no-contact orders. Upon committing a third violation, in this instance violation of a domestic violence protection order, he was properly charged with and convicted of a class C felony under RCW 26.50.110(5), despite his assertion the court had no authority to enter that order. He chose to ignore the protection order at his peril.
To determine the meaning of a statute, courts apply the general rules of statutory construction to ascertain and carry out the intent of the Legislature.[50] If the language of a statute is clear on its face, courts must give effect to its plain meaning and should assume the Legislature means exactly what it says.[51] If a statute is unambiguous, its meaning must be derived from the wording of the statute itself.[52] A statute that is clear on its face is not subject to judicial interpretation.[53] In this case, despite efforts by both parties to read ambiguities into RCW 26.50.060(1)(b) and RCW 26.50.110(5), the language of RCW 26.50.060 and RCW 26.50.110 is clear and unambiguous and there is no need for judicial interpretation.
Petitioner State of Washington seeks to distinguish Jacques v. Sharp which the Court of Appeals relied upon in this case. Petitioner argues the one-mile restriction around a petitioner's residence constitutes a reasonable exclusion of Respondent from Ms. Titchell's residence.[54] This raises the question whether exclusion from a residence under RCW 26.50.060(1)(b) should apply to the residence only in determining a criminal charge or whether it should be extended to include a reasonable geographic area or distance around the residence. It is not necessary to address this question because the order was clear in its restraining language and can be justified under RCW 26.50.060(1)(e) as "other relief" considered by the trial court as "necessary for the protection of the petitioner *290 and other family ... members sought to be protected."[55]
The interpretation of RCW 26.50.060(1)(b) by the Court of Appeals is at least supported by examination of chapter 10.99 RCW, which authorizes "no contact" orders. Chapter 10.99 RCW contains two provisions substantially similar in language to RCW 26.50.110(5), except the chapter 10.99 provisions refer to "willful violation."[56] In the 1996 legislative session, RCW 26.50.110 and RCW 10.99.040 and .050 were amended at the same time.[57] Statutes read together should be harmonized to give force and effect to each. This rule applies with particular force to statutes passed in the same legislative session.[58]
Respondent was properly charged with and convicted of a class C felony violation under RCW 26.50.110(5). But the trial court in denying his motions to dismiss the charge erroneously based its decision only upon RCW 26.50.060(1)(b). Actually, the trial court had authority under RCW 26.50.060(1)(e) to prohibit Respondent from coming within a geographical distance or area of a named person's residence,[59] but that authority is not given under RCW 26.50.060(1)(b). The Court of Appeals recognized the erroneous reference.
The Court of Appeals in this case based its decision solely upon application of RCW 26.50.060(1)(b) and RCW 26.50.110(5). But it should instead have harmonized subsections (1) and (5) of RCW 26.50.110 and considered subsection (1)(e) of RCW 26.50.060 in determining whether Respondent was properly charged with and convicted of a class C felony for violation of the domestic violence protection order of April 8, 1998 with two prior convictions for violating the provisions of a no-contact order. The Court of Appeals erroneously concluded the conviction should be reversed.

SANCTIONS
Respondent requested sanctions against Petitioner State of Washington under *291 RAP 1.2(b).[60] He asserts Petitioner's filing of the petition for review in this case does not meet the requirement of RAP 13.4(c) for a statement of the precise relief requested. In its petition, Petitioner concluded only that "[g]iven the strong public policy issues, the court should grant discretionary review of this matter."[61]
This Court has stated that although "[a] case is woefully lacking in compliance with the theory or spirit of these rules [RAP 10.3(a)(3), (a)(5) and 13.4(c)(5)] [and] ... identify[ing] the issues without analysis of the underlying legal theory giving rise to [them] means that an adversary expects the court to research all possible theories of legal liability and apply them to the hypothetical facts, [i]t is not the function of trial or appellate courts to do counsel's thinking and briefing."[62] But the Court nevertheless concluded that "[d]espite petitioners' inadequate briefing, their claim ... survives."[63] In this case, despite the fact Petitioner's argument for review takes brevity to the extreme and cites no rules, statutes or cases, this Court by granting review obviously determined the issue raised by the petition is significant.
Although Respondent Chapman does not cite RAP 18.9(a), he apparently suggests that Petitioner should be sanctioned for filing a petition "unfounded in law" and for an "improper purpose."[64] Respondent claims Petitioner, and specifically Thurston County, filed this petition for review in an attempt to "bootstrap itself into [a] more favorable position" in defending itself against Respondent's future claim against the County for violation of his civil rights for "false arrest, false imprisonment, and unconstitutional deprivation of his liberty."[65] He claims that by filing this petition for review, Petitioner will be able to argue "the law in this case was not settled."[66] There is nothing in the record to support these assertions.
Under RAP 18.9(a), "[a]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there [is] no reasonable possibility of reversal."[67] In this case, Petitioner's appeal was not frivolous, but presents a debatable issue concerning application of RCW 26.50.060(1)(b) to violation of a domestic violence protection order and its impact on a respondent's liability for a class C felony prosecution under RCW 26.50.110(5). Respondent has not shown Petitioner filed the petition for an improper purpose. There is no merit to his request for sanctions.

SUMMARY AND CONCLUSIONS
Under rules of statutory construction, each provision of a statute should be read together with related provisions to determine the legislative intent underlying the entire statutory scheme. Statutes relating to the same subject will be read as complementary, instead of in conflict with each other. The Court of Appeals in this case should have harmonized the statutory provisions, RCW 26.50.110(1) and (5), to determine legislative intent. Additionally, the court should have considered the authority of the trial court to *292 impose the one-mile distance exclusion against Respondent under RCW 26.50.060(1)(e).
The Court of Appeals could properly rely upon the Division I decision in Jacques v. Sharp when construing RCW 26.50.110(1) under the Domestic Violence Prevention Act. Subsection (1) is not inconsistent with subsection (5). Subsection (5) unambiguously states that where a person who has been convicted of two previous violations of a no-contact order or domestic violence protection order comes before the court on a third violation of a no-contact order or domestic violence protection order, the person is subject to a class C felony charge under RCW 26.50.110(5). The violation constituting a person's third charge of violation of a court no-contact or protection order need not, of itself, subject the person to criminal prosecution under RCW 26.50.110(1) for subsection (5) to apply.
The Court of Appeals was not correct in reversing Respondent's conviction of a class C felony for violation of the domestic violence protection order with two prior convictions for violation of no contact orders. Its decision is reversed and Respondent's conviction is reinstated.
Respondent's request for sanctions against Petitioner under RAP 1.2(b), 13.4(c) and 18.9(a) is without merit. While the petition for review by Petitioner State of Washington is brief in the extreme, this Court nevertheless accepted review of a debatable nonfrivolous issue concerning application of RCW 26.50.060(1)(b) to violation of a protection order and its impact on a respondent's criminal liability for a class C felony prosecution under RCW 26.50.110(5).
We reverse the decision of the Court of Appeals, Division II, which reversed the Thurston County Superior Court conviction of Respondent Gregory Wayne Chapman and denied his motion to dismiss a class C felony charge of violating a domestic violence protection order under RCW 26.50.110(5).
We deny the request of Respondent Gregory Wayne Chapman for sanctions against Petitioner State of Washington under RAP 1.2(b), 13.4(c) and 18.9(a) for filing a petition for review he claims was unfounded in law and improper in purpose.
GUY, C.J., JOHNSON, MADSEN (result only), ALEXANDER, TALMADGE, SANDERS, IRELAND and BRIDGE, JJ., concur.
NOTES
[1] Order for Protection, Thurston County Superior Court, dated April 8, 1998; see also Report of Proceedings, Thurston County Superior Court, dated August 12, 1998 at 113-14 and 122-131. (Ms. Titchell testified she obtained the order of protection because she feared for her safety and that of her children. She stated that Respondent, in addition to being verbally and physically abusive, was convicted of committing an assault in the fourth degree upon her in 1993. She had a ten-year relationship with Respondent, who is the father of her son, Gregory Wayne Chapman, Jr.)
[2] See also Report of Proceedings at 115.
[3] Ms. Cowan and Ms. Abba are friends and neighbors of Ms. Titchell.
[4] Id. at 55-61. Ms. Titchell had lived at the apartment complex at 8030 Southeast Third Avenue, Apartment B, in Lacey, Washington for approximately two years. Id. at 116 and 129.
[5] Id. at 63-64.
[6] Id.
[7] Id. at 79.
[8] Id. at 116-18.
[9] Id. at 119.
[10] Id. at 118.
[11] Id. at 143-45.
[12] Because the information stated Respondent was charged with a felony violation of a "No-Contact Order" under RCW 26.50.110(5), and because "no-contact orders" are authorized only under chapter 10.99 RCW, defense counsel requested clarification of the charge to distinguish this case from an allegation of noncompliance with a separate no contact order "tracking with this case." The Prosecuting Attorney then amended the information to charge violation of an "order of protection" under chapter 26.50 RCW. Id. at 11-13.
[13] Id. at 14-20.
[14] The trial court also denied Respondent's subsequent motion for an emergency interlocutory appeal to the Court of Appeals, Division II. Id. at 28-30.
[15] Exhibit Number 3, Thurston County Superior Court, Cause Number XX-X-XXXXX-X, August 12, 1998. The previous violations dated November 8, 1989 and February 28, 1991 occurred in Pierce County. Id. at 147-48.
[16] Report of Proceedings at 150-51.
[17] Id. at 172.
[18] Id.
[19] Verdict Form, Thurston County Superior Court (Number XX-X-XXXXX-X); see also Appellant's [Respondent Chapman's] Brief, Court of Appeals, Division II, at 2. Respondent was sentenced to five months in jail.
[20] See Appellant's [Respondent's] Brief, Court of Appeals, Division II at 1-2.
[21] Notice of Appeal filed in the Court of Appeals, Division II, on August 26, 1998.
[22] Motion to Shorten Time under RAP 18.8(a) filed in the Court of Appeals, Division II, on October 28, 1998. Respondent filed a document entitled "Motion to Shorten Time under RAP 18.8" prior to filing the October 28, 1998 motion under RAP 18.8(a).
[23] The Court of Appeals, Division II, treated Respondent's Motion to Shorten Time under RAP 18.8(a) as Appellant's [Respondent's] Brief.
[24] State v. Chapman, 96 Wash.App. 495, 980 P.2d 295 (1999).
[25] 83 Wash.App. 532, 922 P.2d 145 (1996).
[26] Chapman, 96 Wash.App. at 499-500, 980 P.2d 295.
[27] Although not material to this case, this statute was later amended in 1999 to revise section (1)(d) which now reads "(d) Order the respondent to participate in a domestic violence perpetrator treatment program approved under RCW 26.50.150[.]" (Emphasis added.) However, under chapter 10.99 RCW, the Domestic Violence Act (Official Response), "domestic violence" is defined by RCW 10.99.020(3)(s) to include "[v]iolation of the provisions of a protection order or no-contact order restraining the person or restraining the person from going onto the grounds of or entering a residence ....", citing RCW 26.50.060, 26.50.070, 26.50.130, 10.99.040 and 10.99.050.
[28] In his defense, Respondent relied upon the decision of the Court of Appeals, Division I, in Jacques v. Sharp and argued he did not violate any of the three types of provisions that authorize criminal prosecution under RCW 26.50.110(1). In Jacques, Division I concluded only violations of RCW 26.50.060(1)(a), (1)(b), or (1)(g) constitute crimes under RCW 26.50.110(1).
[29] Appellant's [Respondent's] Brief, Court of Appeals, Division II, at 4.
[30] Response to Petition for Review at 4.
[31] Appellant's [Respondent's] Brief, Court of Appeals, Division II, at 5.
[32] See RCW 7.21.010(1), 7.21.040 and .050.
[33] Report of Proceedings at 172.
[34] Chapman, 96 Wash.App. at 500, 980 P.2d 295.
[35] See Brief of Respondent [Petitioner State of Washington], Court of Appeals, Division II at 1-2; Report of Proceedings at 163-64.
[36] See Petition for Review at 3-4; Brief of Respondent [Petitioner State of Washington], Court of Appeals, Division II, at 2; Report of Proceedings at 163-64. Petitioner actually argued insistently before this Court that a one-mile radius was within the residence of Ms. Lisa Titchell.
[37] Supplemental Brief of Petitioner at 3-4.
[38] Petition for Review at 4.
[39] In Jacques v. Sharp, the Court of Appeals examined RCW 26.50.110(1) in relation to RCW 26.50.060 in addressing the question whether a police officer had probable cause to arrest without a warrant a former husband for violating a provision of an agreed order for protection that restrained him "from entering the area known as `Magnolia' in Seattle, Washington." In that case, the Court of Appeals concluded (1) there was no probable cause to arrest the husband because the conduct did not refer to domestic violence, to respondent's spouse or to her children and (2) the geographic scope was too broad to constitute exclusion from the Magnolia residence. Jacques, 83 Wash.App. at 534 and 542-43, 922 P.2d 145.
[40] Jacques, 83 Wash.App. at 538 and 542-43, 922 P.2d 145. (The Court of Appeals also determined that violations of other provisions of a protection order do not constitute crimes, but may subject a person to contempt proceedings under RCW 26.50.110(3).)
[41] Under RCW 26.50.110(1) and (3), violation of no-contact or protection orders is punishable as a misdemeanor and also constitutes contempt of court.
[42] In re Estate of Kerr, 134 Wash.2d 328, 336, 949 P.2d 810 (1998).
[43] Id., citing State v. Williams, 94 Wash.2d 531, 547, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980) (quoting State v. Wright, 84 Wash.2d 645, 650, 529 P.2d 453 (1974)).
[44] Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n, 123 Wash.2d 621, 630, 869 P.2d 1034 (1994).
[45] Monroe v. Soliz, 132 Wash.2d 414, 425, 939 P.2d 205 (1997) citing State v. Fairbanks, 25 Wash.2d 686, 690, 171 P.2d 845 (1946) ("It is a cardinal rule that two statutes dealing with the same subject matter will, if possible, be so construed as to preserve the integrity of both.").
[46] RCW 26.50.110(5).
[47] See also State v. Jackson, 91 Wash.App. 488, 490 & n. 1, 957 P.2d 1270 (1998), review denied, 137 Wash.2d 1038, 980 P.2d 1285 (1999) ("[T]he Legislature has unambiguously provided that `conviction,' as used in RCW 10.99.040(4)(c), occurs when a plea of guilty has been accepted or when a verdict of guilty has been filed.... Violations of orders issued under RCW chapter 26.50 and RCW 10.99.050 similarly become felonies `if the offender has at least two previous convictions for violating the provisions of a no-contact order.'")
[48] BLACK'S LAW DICTIONARY 333 (6th ed.1990) (emphasis added).
[49] BLACK'S LAW DICTIONARY 319 (6th ed.1990) (emphasis added).
[50] State v. Chester, 133 Wash.2d 15, 21, 940 P.2d 1374 (1997).
[51] Rettkowski v. Department of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996); Sidis v. Brodie/Dohrmann, Inc., 117 Wash.2d 325, 329, 815 P.2d 781 (1991).
[52] Roberts v. Johnson, 137 Wash.2d 84, 92, 969 P.2d 446 (1999).
[53] State v. Mollichi, 132 Wash.2d 80, 87, 936 P.2d 408 (1997).
[54] Petition for Review at 1; Report of Proceedings at 172 (The trial court also stated that a "reasonable area would depend upon individual facts in any given case ... [and a] one mile area is reasonable under the facts in this case.... ").
[55] There is an inherent flaw in the language of the preprinted protection order in this case. It was not brought to the Court's attention by either party. We thus disregard it. The Prosecuting Attorney would be well advised to carefully review every word of the form order.
[56] The only relevant difference in the language of RCW 26.50.110(5), RCW 10.99.040(4)(c) and.050(2) is the absence of the term "willful" from RCW 26.50.110(5).

RCW 10.99.040(4)(c) reads: "A willful violation of a court order issued under this section is a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order issued under this chapter, a domestic violence protection order issued under chapter 26.09, 26.10, or 26.26, or 26.50 RCW, or any federal or out-of-state order that is comparable to a no-contact order or protection order issued under Washington law. The previous convictions may involve the same victim or other victims specifically protected by the no-contact orders or protection orders the offender violated." (Emphasis added.)
RCW 10.99.050(2) reads: "Willful violation of a court order issued under this section is a gross misdemeanor. Any assault that is a violation of an order issued under this section and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony, and any conduct in violation of a protective order issued under this section that is reckless and creates a substantial risk of death or serious physical injury to another person is a class C felony. A willful violation of a court order issued under this section is also a class C felony if the offender has at least two previous convictions for violating the provisions of a no-contact order issued under this chapter, or a domestic violence protection order issued under chapter 26.09, 26.10, or 26.26, or 26.50 RCW, or any federal or out-of-state order that is comparable to a no-contact order or protection order that is issued under Washington law. The previous convictions may involve the same victim or other victims specifically protected by the no-contact orders or protection orders the offender violated." (Emphasis added.)
[57] RCW 26.50.110 was amended by Laws of 1996, ch. 248 § 16. RCW 10.99.040 and .050 were amended by Laws of 1996, ch. 248 §§ 7 and 8. The three statutes share the same legislative history under EHB 2472.
[58] International Commercial Collectors, Inc. v. Carver, 99 Wash.2d 302, 307, 661 P.2d 976 (1983).
[59] This opinion does not approve the one-mile restriction as an absolute. We conclude only that the trial court had authority to impose a restriction in a domestic violence protection order as "other relief ... it deems necessary for... protection of.. petitioner" (RCW 26.50.060(1)(e)) and that violation of its order subjected an offender to penalties under RCW 26.50.110(5).
[60] See Response to Petition for Review at 6-8.
[61] Petition for Review at 4.
[62] Orwick v. City of Seattle, 103 Wash.2d 249, 256, 692 P.2d 793 (1984).
[63] Id.
[64] RAP 18.9(a) provides in pertinent part: "The appellate court on its own initiative or on motion of a party may order a party or counsel ... who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court...."
[65] Respondent states that after being sentenced he made it clear he would be bringing such a claim. Response to Petition for Review at 7.
[66] Id.
[67] State ex rel Quick-Ruben v. Verharen, 136 Wash.2d 888, 905, 969 P.2d 64 (1998) citing Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 330, 917 P.2d 100 (1996) (quoting Fay v. Northwest Airlines, Inc., 115 Wash.2d 194, 200-01, 796 P.2d 412 (1990)); State v. Rolax, 104 Wash.2d 129, 136, 702 P.2d 1185 (1985).