IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  37005-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KENNETH GOLLADAY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Kenneth Golladay appeals after a jury found him guilty of count 4, felony violation of a no-contact order under RCW 26.50.110(5).  Count 4 alleged that Golladay surveilled his wife, a protected person.

Golladay argues his conviction should be reversed because surveillance of a protected person is not a gross misdemeanor under RCW 26.50.110(1)(a), and the State was required to prove that the felony violation of the no-contact order also would have been a gross misdemeanor.  He also argues there is insufficient evidence to sustain his conviction.  We disagree with both arguments and affirm.

## FACTS

Rebecca Golladay and Kenneth Golladay were married for 10 years.  During that time, Rebecca[1] and Golladay lived in a trailer on Rebecca's parents' property.  After they

---

[1] We often refer to persons by first names to avoid overuse of "Ms." and "Mr."

separated, Rebecca continued to live in the trailer. A court issued a domestic violence no-contact order against Golladay. Among other things, the order prohibited Golladay from keeping Rebecca under surveillance. Before Golladay's acts that give rise to this case, he was twice convicted for violating the no-contact order.

On May 11, 2019, Golladay called Deputy Ashley Hackett and asked her to perform a welfare check on animals in Rebecca's trailer. Deputy Hackett drove by and could see the trailer from the road. She learned that Rebecca was not home, but a friend was caring for the animals. Deputy Hackett also knew that a court order prohibited Golladay from keeping Rebecca under surveillance. She then called Golladay and asked why he had suspected the animals were not being cared for. Golladay responded that a code enforcement officer had told him that he had issued a letter that prohibited Rebecca from living in the trailer.

On May 16, Golladay contacted Deputy Hackett again, claiming that a friend told him that a man had entered Rebecca's trailer. Deputy Hackett did not indulge Golladay's request to check the trailer.

Golladay made numerous public posts on his Facebook account about people visiting Rebecca's trailer. One post referred to Rebecca seeing a new man and the post included a description of the man's car, its license plate number, and the man's telephone

number. Rebecca later testified that Golladay made the post on the same day she had a friend over for dinner, the friend's car was in the driveway, the details in Golladay's post were accurate, and a person had to have been close to her trailer to read the car's license plate. Rebecca contacted the police and gave them this and other public Facebook posts made by Golladay.

The State charged Golladay with four counts of felony violation of a no-contact order, in violation of RCW 26.50.110(5). That subsection elevates a violation of a no-contact order to a felony if the restrained party has at least two previous convictions for violating a no-contact order. The State's theory on count 4 was that Golladay's multiple Facebook posts showed that Golladay was surveilling Rebecca in violation of the no-contact order.

Regarding count 4, the trial court gave the following to-convict instruction:

> To convict the defendant of the crime of violation of a court order as charged in Count 4, each of the following five elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or between March 30, 2019 and May 17, 2019, there existed a protection order applicable to the defendant;
> (2) That the defendant knew of the existence of this order;
> (3) That on or between said dates, the defendant knowingly violated a provision of this order;
> (4) That the defendant has twice been previously convicted for violating the provisions of a court order; and
> (5) That the defendant's act occurred in the State of Washington.

3

> If you find from the evidence that elements (1), (2), (3), (4) and (5) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of the five elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers at 75.

The jury returned not guilty verdicts on counts 1, 2, and 3, and a guilty verdict on count 4, together with a special finding that Golladay had committed the violation against a family or household member.

The trial court entered a judgment convicting Golladay on count 4 and sentenced him to 17 months' imprisonment, followed by 12 months of community custody. Golladay timely appealed.

## ANALYSIS

A.    CONSTRUCTION OF RCW 26.50.110(5)

Golladay argues the trial court's to-convict instruction for count 4 lowered the State's burden of proof by allowing him to be convicted for surveilling Rebecca even though surveilling a protected person is not a crime. Golladay additionally argues that this issue may be raised for the first time on appeal because the error violated due process, which requires the State to prove every element of the offense beyond a reasonable doubt.

4

The State responds that RCW 26.50.110(5) criminalizes any violation of a no-contact order. Binding precedent requires us to agree.

Former RCW 26.50.110 (2017) reads in relevant part:

> **Violation of order—Penalties.** (1)(a) Whenever an order is granted under this chapter . . . and the respondent or person to be restrained knows of the order, a violation of any of the following provisions of the order *is a gross misdemeanor, except as provided in subsections (4) and (5) of this section*:
>     (i) The restraint provisions prohibiting acts or threats of violence against, or stalking of, a protected party, or restraint provisions prohibiting contact with a protected party;
>     (ii) A provision excluding the person from a residence, workplace, school, or day care;
>     (iii) A provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location;
>     (iv) A provision prohibiting interfering with the protected party's efforts to remove a pet owned, possessed, leased, kept, or held by the petitioner, respondent, or a minor child residing with either the petitioner or the respondent; or
>     (v) A provision of a foreign protection order specifically indicating that a violation will be a crime.

(Emphasis added.) Consistent with Golladay's argument, we note that provisions (i)-(v) do not make surveilling a protected person a gross misdemeanor.

RCW 26.50.110(5) reads in relevant part:

> A violation of a court order issued under this chapter . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of an order . . . .

5

Consistent with the State's argument, we note that RCW 26.50.110(5) does not limit the

type of no-contact order violations to those described in RCW 26.50.110(1)(a)(i)-(v).

> *Statutory construction*
>
> To determine the meaning of a statute, courts apply the general rules of statutory construction to ascertain and carry out the intent of the Legislature. If the language of a statute is clear on its face, courts must give effect to its plain meaning and should assume the Legislature means exactly what it says. If a statute is unambiguous, its meaning must be derived from the working of the statute itself. A statute that is clear on its face is not subject to judicial interpretation.

*State v. Chapman*, 140 Wn.2d 436, 450, 998 P.2d 282 (2000) (footnotes omitted).

In *Chapman*, our high court construed an earlier version of RCW 26.50.110(1) and

RCW 26.50.110(5). Although the statutory language has changed in the past two

decades, both subsections discussed in *Chapman* contained the same operative language

as the subsections here. Specifically, the version of former RCW 26.50.110(1) (1996)

discussed in *Chapman* provided: "'[A] violation of the restraint provisions or of a

provision excluding the person from a residence, workplace, school, or day care *is a gross

misdemeanor except as provided in subsections (4) and (5) of this section. . . .*'"

*Chapman*, 140 Wn.2d at 447 (emphasis added). And RCW 26.50.110(5) made the third

violation of a no-contact order a felony. *Id.* at 448.

The *Chapman* court determined that RCW 26.50.110(1) and RCW 26.50.110(5) are clear and unambiguous, are not inconsistent, and should be read together. *Chapman*, 140 Wn.2d at 448-51. Notably, the *Chapman* court held, "RCW 26.50.110(5) applies to a third violation without reference to whether that violation, standing alone, would subject the offender to criminal prosecution." *Id.* at 449.

We are bound by *Chapman*. We decline to consider legislative history because *Chapman* concluded that both subsections are plain and unambiguous. We also reject Golladay's argument that the third violation, standing alone, must also subject the offender to criminal prosecution. Golladay's argument would require us to overrule *Chapman*. This we cannot do.

B.    SUFFICIENCY OF THE EVIDENCE

Golladay contends the State presented insufficient evidence for a jury to find him guilty of felony violation of a no-contact order.

When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant."

7

*Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

Here, Golladay does not argue the State presented insufficient evidence that he was surveilling Rebecca's trailer. Rather, he argues that the State did not prove he violated any of the enumerated provisions under RCW 26.50.110(1)(a). Because the State was not required to prove this, we reject Golladay's sufficiency challenge.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Pennell, C.J.

Siddoway, J.

8