[No. 27285-7-II. Division Two. March 11, 2003.]

RICHARD L. ANDERSON, *Appellant*, v. WEYERHAEUSER COMPANY, ET AL., *Respondents*.

150

*Jennifer M. Cross-Euteneier*; and *Philip A. Talmadge* and *Anne Watson* (of *Talmadge & Stockmeyer*), for appellant.

*Jack S. Eng* (of *Weyerhaeuser Company*), for respondent Weyerhaeuser Company.

*Christine Gregoire, Attorney General*, and *John R. Wasberg, Assistant*, for respondent Department of Social and Health Services.

ARMSTRONG, J. — Richard L. Anderson appeals a decision of the Department of Labor and Industries (Department) finding him ineligible for vocational benefits. The Department terminated him under its statutory discretionary power to determine eligibility for vocational benefits. Anderson argues that because he had already been granted

vocational benefits, the Department could act only under a statute that affords him certain procedural rights before termination. He also argues that the Department lost jurisdiction to terminate his vocational benefits because it failed to act within 30 days as former WAC 296-18A-470 (1999) required. We hold that the Department did not lose jurisdiction of Anderson's claim; but we agree that the Department, after finding Anderson eligible for vocational benefits, could terminate him only under the statute that affords him procedural rights. We, therefore, reverse the superior court decision that affirmed the Department.

## FACTS

Richard Anderson was working for Weyerhaeuser in 1993 when a falling tree injured him. Two years later, he was unable to return to his job, and Weyerhaeuser referred him to vocational services. In June 1995, the Department of Labor and Industries found Anderson eligible for vocational services. But in September 1995, the Department found him ineligible for the program because he failed to participate in plan development, did not keep scheduled appointments, and did not develop a suitable alternative plan with his own vocational counselor. The Department concluded that Anderson was not likely to benefit from vocational services. Accordingly, it found him ineligible for further vocational services.

Anderson unsuccessfully appealed the decision through various department levels to the Board of Industrial Insurance Appeals (Board) and finally to the superior court, which ruled that the Department properly terminated Anderson under RCW 51.32.095 (the discretionary statute).

On appeal, Anderson argues, among other things, that because the Department had already made a decision that he was eligible for vocational benefits, it could not terminate him under the discretionary eligibility statute (RCW 51.32.095); rather, according to Anderson, the Department could terminate him only under the noncooperation statute (RCW 51.32.110), with its added procedural rights.

## ANALYSIS

### I. Standard of Review

The superior court reviews Board decisions on appeal de novo. RCW 51.52.115. The Board's findings and decisions are prima facie correct, and the burden is on the attacking party, Anderson, to prove by a preponderance of the evidence that the Board was incorrect. RCW 51.52.115; *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). If the Board acted within its power and correctly found the facts and construed the law, the superior court must affirm its decision. RCW 51.52.115. On appeal, our "'review is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Ruse*, 138 Wn.2d at 5 (quoting *Young v. Dep't of Labor & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402 (1996)).

Here, the Board interpreted and applied statutes, a decision we review de novo. *See Berger v. Sonneland*, 144 Wn.2d 91, 104-05, 26 P.3d 257 (2001) (statutory interpretation is a conclusion of law, reviewed de novo).

### II. Jurisdiction

Anderson contends that the Department lacked jurisdiction over the dispute because it took 52 days to issue its decision, rather than 30 days as required by administrative regulations. Former WAC 296-18A-470(3) provides that if the Department and the worker cannot resolve their dispute, the director "in his or her sole discretion may take such other action that he or she considers appropriate to protect the rights of the parties." Then, the director "shall inform the aggrieved parties of what action, if any was taken within thirty calendar days of receipt of the dispute from the aggrieved party." Former WAC 296-18A-470(3). Anderson relies on *Erection Co. v. Department of Labor & Industries*, 121 Wn.2d 513, 852 P.2d 288 (1993), for his

contention that the word "shall" makes the 30-day time limit mandatory. The Department cites *ITT Rayonier, Inc. v. Dalman*, 122 Wn.2d 801, 863 P.2d 64 (1993), to support its argument that the 30-day time limit is directory rather than mandatory.

The statute at issue in *Erection Co.* specifies that when the Department reassumes jurisdiction over a penalties issue under the Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW, it "shall" redetermine its decision within 30 days. RCW 49.17.140(3); *Erection Co.*, 121 Wn.2d at 517. The word "shall" in a statute imposes a mandatory requirement unless there is contrary legislative intent. *Erection Co.*, 121 Wn.2d at 518. The court found no contrary legislative intent. Moreover, by using the word "shall" in a specifically jurisdictional context, the legislature itself stated that the 30-day limit is mandatory. *Erection Co.*, 121 Wn.2d at 520-21.

Unlike *Erection Co.*, *Dalman* dealt with the statute at issue here, RCW 51.32.095. *Dalman*, 122 Wn.2d 801. The *Dalman* court distinguished *Erection Co.*, noting that unlike the statute in *Erection Co.*, RCW 51.32.095 *does* manifest a contrary legislative intent. *Dalman*, 122 Wn.2d at 807 n.2. Because the enabling statute grants the Department "broad discretion to consider claims at any time, and expresses a preference for deciding disputes on the merits," the court read "shall" as directory, not mandatory. *Dalman*, 122 Wn.2d at 808. Anderson points out that the decision in *Dalman*, which favored the worker, relied in part on the statutory mandate to construe the Industrial Insurance Act liberally in favor of workers. But the *Dalman* court reasoned that it must liberally construe the statute "to effectuate its purpose." *Dalman*, 122 Wn.2d at 808. The statute's purposes included deciding disputes on their merits and protecting the rights of the parties. *Dalman*, 122 Wn.2d at 808. Reading "shall" as directory rather than mandatory furthered these purposes.

And here, as in *Dalman*, "shall" appears only in the administrative code, not in the enabling statute. While we

use the same tools to interpret regulations as statutes, *Children's Hospital & Medical Center v. Department of Health*, 95 Wn. App. 858, 864, 975 P.2d 567 (1999), *review denied*, 139 Wn.2d 1021 (2000), we will uphold agency interpretation of an administrative regulation if "it reflects a plausible construction of the language of the statute and is not contrary to the legislative intent." *Seatoma Convalescent Ctr. v. Dep't of Soc. & Health Servs.*, 82 Wn. App. 495, 518, 919 P.2d 602 (1996). As noted in *Dalman*, the enabling statute grants the Department broad discretion to decide disputes about industrial insurance benefits for workers. *Dalman*, 122 Wn.2d at 808. Reading the regulation's "shall" as mandatory conflicts with this. And the 2000 amendment of the regulations, though not effective when the Department acted here, confirms that the regulations were not meant to limit the Department's discretion to decide disputes—the amendment removed the 30-day requirement. WAC 296-18A-470. We hold that the Department had jurisdiction to decide the dispute even though it issued its decision later than the regulation contemplated.

### III. Application of the Statutes

Anderson next contends that the Department used the wrong statute to deny him vocational services. The Department terminated him under the statute that gives it discretion to order vocational rehabilitation services when it finds that vocational rehabilitation is "both necessary and likely to enable the injured worker to become employable at gainful employment." RCW 51.32.095(1). This statute also requires self-insurers, such as Weyerhaeuser, to report benefits provided and denied to injured workers. RCW 51.32.095(7). Related to this requirement, the statute empowers the director of the Department,

> in his or her sole discretion and upon his or her own initiative or at any time that a dispute arises under this section, [to] promptly make such inquiries as circumstances require and take such other action as he or she considers will properly determine the matter and protect the rights of the parties.

RCW 51.32.095(7). The statute does not require the Department to give the worker notice of its intent to deny vocational benefits.

Anderson argues that once the Department found him eligible for vocational services, it could remove him from the program only under the noncooperation statute, RCW 51.32.110. This statute provides that if a worker does not cooperate with evaluations or examinations "for the purpose of vocational rehabilitation or does not cooperate in reasonable efforts at such rehabilitation," the Department may suspend further action on the worker's claim until he cooperates. RCW 51.32.110(2). Unlike the discretionary statute, the noncooperation statute requires the Department to notify the worker before it suspends benefits. RCW 51.32.110(2). And the worker is then entitled to show good cause for his noncooperation. RCW 51.32.110(2).

 Anderson also reasons that the statutory scheme is ambiguous as to which statute applies to him and, therefore, the Department should have applied the noncooperation statute, which benefits him. RCW 51.12.010 (liberally construe statute to minimize suffering and economic loss from work-related injuries). A statute is ambiguous "if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Berger,* 144 Wn.2d at 105. If a statute is plain and unambiguous, courts must derive its meaning from the wording of the statute itself. *Berger,* 144 Wn.2d at 105.

The discretionary statute (RCW 51.32.095) clearly applies to the granting of vocational rehabilitation services. It states that the Department, in its "sole discretion," may direct the self-insurer to pay for vocational rehabilitation services when "in the sole opinion of the [Department] supervisor or supervisor's designee . . . vocational rehabilitation is both necessary and likely to enable the injured worker to become employable at gainful employment." RCW 51.32.095(1).

The noncooperation statute, on the other hand, deals with the situation after the worker has been granted eligibility for vocational services, allowing the Department to suspend or deny compensation if the worker refuses, obstructs, or does not cooperate with vocational rehabilitation evaluations or examinations. RCW 51.32.110. We find no ambiguity in the statutes. RCW 51.32.095(1) gives the Department discretion to grant vocational benefits. RCW 51.32.110 gives the Department authority to terminate a worker previously found eligible for the program.

The Department initially decided that Anderson was eligible for vocational benefits under RCW 51.32.095. But after several vocational rehabilitation counselors were unable to construct a feasible return-to-work plan that Anderson agreed to, the Department terminated him, again under RCW 51.32.095. The Department charged that Anderson would not agree to a plan, missed several appointments, and lied about or misconstrued information that vocational counselors and medical providers needed to construct a viable plan. This conduct falls within section .110's definition of a worker who "refuses to submit to medical examination, or obstructs the same" or a worker who "shall refuse to submit to such medical . . . treatment as is reasonably essential to his or her recovery or refuse or obstruct evaluation or examination for the purpose of vocational rehabilitation or does not cooperate in reasonable efforts at such rehabilitation." RCW 51.32.110(2). In short, the Department claimed that Anderson failed to cooperate in the rehabilitation program. This claim falls within the ambit of section 51.32.110, not section .095.

But the Department maintains that the director has discretion to use either section 51.32.095 or section 51.32.110 in Anderson's situation. We disagree. As we have discussed, the statutes deal with different phases of rehabilitation. Section .095 grants the Department discretion to grant basic eligibility; section .110 grants the Department authority to terminate a worker who, once in the program, fails to cooperate. And section .110's procedural protections

158

would be illusory if the Department could also terminate a participating but uncooperative worker under its discretionary .095 authority. We are required, however, to read the statutory scheme so that each section has meaning. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 809, 16 P.3d 583 (2001).

We conclude that the Department could terminate Anderson's vocational benefits only under RCW 51.32.110. Because it did not and, thus, failed to provide Anderson with section .110's procedural protections, we reverse and remand to the Department for further proceedings consistent with this opinion.

Hunt, C.J., and QUINN-BRINTNALL, J., concur.

Reconsideration denied May 28, 2003.

Review granted at 150 Wn.2d 1035 (2004).