IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES J. MILLER,<br><br>               Appellant,<br><br>        v.<br><br>PUBLIC UTILITY DISTRICT NO. 1<br>OF SNOHOMISH COUNTY and<br>STATE OF WASHINGTON,<br>DEPARTMENT OF LABOR AND<br>INDUSTRIES,<br><br>            Respondents. | No. 81676-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — James Miller's worker's compensation claim was closed after he rejected a substitute job offer from his employer. He appealed to the director of the Department of Labor and Industries on the basis that his injuries prevented him from performing the substitute job duties. The director determined that the job offer was valid because Miller did not have any restrictions that prevented him from performing the job. The Board of Industrial Insurance Appeals (Board) and the Snohomish County Superior Court subsequently affirmed this determination. We affirm.

FACTS

In 2015, Miller was working for the Snohomish County Public Utilities District No. 1 (PUD) as a line foreman. Around August 29, he fell while working on power lines that had been damaged in a storm and hurt his right shoulder.

Citations and pin cites are based on the Westlaw online version of the cited material.

Miller was allowed to open an industrial injury claim for medical treatment and loss of earnings. As a result of his shoulder injury, Miller had permanent restrictions for lifting, carrying, pushing, pulling, and reaching, and therefore could not return to his job as a line foreman.

Miller had prior industrial injury claims, including claims for back injuries and skin cancer. However, at the time of his shoulder injury, those claims were closed. His job as a line foreman was heavy duty, and he had no work restrictions from any prior claims.

In September 2016, Miller visited a doctor about back pain he was experiencing. Miller told her that while he had had back pain on and off for the last 10 years, he had been in his usual state of health until May 5, 2016, when he developed lower back pain while standing. The doctor noted that his symptoms were "possibly related" to his 2010 back injury, but upon doing an X-ray found spinal damage which was "unlikely to be related to his strain injury."

On September 26, 2016, PUD made a return-to-work offer to Miller for the job "Entry Helper – Modified," which would require Miller to stand for several hours per day directing traffic. The job was approved by Miller's doctor and an independent medical examination physician. Miller rejected the job, citing his inability to stand for extended periods of time due to his back pain. As a result of rejecting the job, Miller's claim was closed and his vocational services were terminated.

Miller appealed to the director of the Department of Labor & Industries, who determined that the job offer was valid, therefore upholding the termination

of Miller's claim. Miller appealed the decision to an industrial appeals judge and the Board of Industrial Insurance Appeals, which both upheld the decision. Miller then appealed to the Snohomish County Superior Court, which also affirmed the decision.

Miller appeals.

ANALYSIS

Miller claims that the director abused his discretion in concluding that the job offer was valid. Specifically, Miller contends that the director applied an incorrect legal standard by stating that he would not consider Miller's prior injuries. Because substantial evidence supports the superior court's finding that the director did in fact consider Miller's previous injuries, we disagree.

The Industrial Insurance Act provides for injured workers to receive vocational rehabilitation services and benefits in order to become employable. RCW 51.32.095(1), (10). When an employer makes a valid return-to-work offer, the employee's vocational rehabilitation services will be terminated, effective on the starting date of the job, "without regard to whether the worker accepts the return-to-work offer." RCW 51.32.096(c). A return-to-work offer is valid if it is "for bona fide employment with the employer of injury, consistent with the worker's documented physical and mental restrictions as provided by the worker's health care provider." RCW 51.32.096(c). A worker is employable if they have the ability to perform and obtain gainful employment when considering both their preexisting physical limitations and physical limitations caused, at least in part, by their industrial injury. WAC 296-19A-010(1)(a)(ii)-(iii). However, "[p]hysical . . .

conditions that arose after the industrial injury[ ] . . . that were not caused or aggravated by the industrial injury[ ] . . . are not considered in determining whether the worker is employable." WAC 296-19A-010(1)(b); Nash v. Dep't of Labor & Indus., 1 Wn. App. 705, 710, 462 P.2d 988 (1969).

The director has broad discretion to determine disputes as to whether a return-to-work offer is valid, thus rendering vocational services unnecessary. RCW 51.32.095(10); Anderson v. Weyerhaeuser Co., 116 Wn. App. 149, 155, 64 P.3d 669 (2003), review granted and case dismissed, 150 Wn.2d 1035 (2004). Such a discretionary decision may be reversed only if it is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

In industrial insurance appeals, the Board's decision is prima facie correct and the appealing party has the burden of proof. RCW 51.52.115; Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The superior court may substitute its own findings and decision for the Board's if, based on a preponderance of the evidence, it finds that the Board's decision is incorrect. Ruse, 138 Wn.2d at 5. In turn, we review the superior court's findings for substantial evidence. Hendrickson v. Dep't of Labor & Indus., 2 Wn. App. 2d 343, 351, 409 P.3d 1162 (2018). Under this standard, we ask whether, viewing the record in the light most favorable to the party who prevailed in superior court, there is sufficient evidence to persuade a rational, fair-minded person that the findings are true. Hendrickson, 2 Wn. App. 2d at 351-52. We review the superior court's conclusions of law de novo. Hendrickson, 2 Wn. App. 2d at 351.

Miller contends that the director abused his discretion and that the reviewing bodies erred by affirming his decision because he applied an incorrect legal standard when he excluded limitations related to Miller's lower back from his analysis. Miller correctly notes that the director must consider the worker as he is, "with all his . . . preexisting frailties and bodily infirmities." Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 471, 745 P.2d 1295 (1987). However, the director correctly explained that the employer "is not required to consider restrictions that are not related to this claim and were not in place at the time of the injury." The superior court agreed with this reasoning, noting that "[t]he Director focused on the fact that Mr. Miller was working a job with a 'very heavy' job classification without any formal restrictions related to his low back. There were no low back conditions accepted on the claim or lit up by the industrial injury." The court further noted that there was "sufficient evidence to make a finding that any back issues or problems that would result in physical restrictions did not exist at the time of the injury and were not lit up or aggravated by the injury." The record provides substantial evidence for the court's determination that "taken as a whole," it is clear from the director's determination that he applied the correct standard.

Miller disagrees and contends that the director was not only required to consider preexisting formal restrictions, but any preexisting limitations, "frailties[,] and bodily infirmities." Dennis, 109 Wn.2d at 471. However, the record shows that the director did consider the extent of Miller's prior limitations in his discussion of the heavy duty nature of Miller's job of injury.

Miller relies on In re Hague, No. 59 331, at 2-3 (1982) (Wash. Bd. of Indus. Ins. Appeals July 22, 1982), http://www.biia.wa.gov/DO/59331_ORD_19820722_DO.PDF, in which the Board determined that although Hague's inability to work was based in part on conditions, such as blood pressure and stroke, that were unrelated to his industrial injury, the industrial injury was a significant contributing cause of his inability to work, and therefore, Hague qualified as a permanently totally disabled worker. This case not only addresses a different legal issue but is also factually distinguishable. In Hague, the Board noted that the worker had suffered a heart attack and a stroke, and had high blood pressure, all prior to the industrial injury. Hague, No. 59 331, at 4. It noted that these conditions worsened after the injury. Hague, No. 59 331, at 4. Here, the record supports a finding that Miller's new back pain was unrelated to his earlier back limitations, frailties, or infirmities. Accordingly, Hague is not persuasive.

We affirm.

WE CONCUR: