[No. 59490-2.   En Banc.   May 20, 1993.]

THE ERECTION COMPANY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner*.

514

*Christine O. Gregoire, Attorney General,* and *Elliott S. Furst, Assistant,* for petitioner.

*Oles, Morrison & Rinker,* by *Mark F. O'Donnell,* for respondent.

JOHNSON, J. — The Department of Labor and Industries (Department) seeks review of a Court of Appeals decision reinstating The Erection Company's administrative appeal. The Court of Appeals held that RCW 49.17.140(1), which allows the Department to reassume jurisdiction over a case, imposes a mandatory requirement on the Department to complete its redetermination within 30 working days. We agree and affirm.

I

On April 6, 1988, the Department of Labor and Industries cited The Erection Company (Company) for five onsite safety violations and proposed a penalty of $14,420. On April 12, the Company timely notified the Department by letter of its intent to appeal the citation and penalty. WAC 296-350-050 provides that not later than 5 working days after receiving notice of an appeal, the Department "shall make a determination to reassume jurisdiction over the subject matter of the appeal". On April 25, 7 working days later, the Department sent written notice to the Company that it had reassumed jurisdiction over the case and had scheduled an informal conference on the subject matter of the appeal for May 10.

The May 10 conference was canceled and then rescheduled for May 25, June 16, and then June 22. The conference never took place and was not rescheduled after the June 22 cancellation. The Department maintains the Company had requested all the cancellations and reschedulings. The Company asserts at least two of the cancellations were requested by the Department.

RCW 49.17.140(3) provides that when the Department reasserts jurisdiction over a case, "any redetermination *shall* be completed . . . within a period of thirty working days". (Italics ours.) On July 7, 1988, over 2 months after it had originally reassumed jurisdiction, the Department issued its redetermination affirming the citation and original proposed penalty. The notice of this redetermination provided, pursuant to RCW 49.17.140(3), that any further appeal "must be made to the Board of Industrial Insurance Appeals (Board) . . . within fifteen working days of the communication of this notice".

The Company received the Department's notice of redetermination on July 11, 1988. On August 2, approximately 16 working days later, the Company notified the Department it would appeal this redetermination.

On August 7, 1989, an industrial insurance appeals judge issued a proposed decision and order dismissing the Company's appeal because the Company's second notice of appeal was 1 day late. The Board accepted review and affirmed the dismissal.

The Company sought judicial review of the Board's decision. The Superior Court reversed the Board, concluding the Company's initial notice of appeal was sufficient to preserve the Company's right to appeal. The court set aside the dismissal order and remanded the case to the Board.

The Department appealed, and the Court of Appeals affirmed the Superior Court. The Court of Appeals determined that under RCW 49.17.140(3), the Department's failure to issue its redetermination within 30 working days caused the Department to lose jurisdiction over the appeal. The court concluded the Company's first notice of appeal

was still operative to give the Board jurisdiction to hear the appeal because the Department's redetermination was invalid. The Court of Appeals denied the Department's motion for reconsideration. The Department then sought discretionary review, and this court granted review.

## II

The Washington Industrial Safety and Health Act (WISHA), RCW 49.17, authorizes the Department's Director to issue citations and assess penalties against an employer for onsite safety violations. *See* RCW 49.17.120, .130, .180. An employer who receives a citation has 15 working days to notify the Department of its intent to appeal. RCW 49.17-.140(1). A citation that is not timely appealed "shall be deemed a final order of the department and not subject to review by any court or agency". RCW 49.17.140(1).

If the employer appeals the citation in a timely manner, the Department is authorized by statute to do one of two things. The Department can either forward the appeal directly to the Board of Industrial Insurance Appeals for determination or it can "reassume jurisdiction" over the case. RCW 49.17.140(3). When the Department reassumes jurisdiction, it affords affected parties the opportunity to present relevant information "in support of or in opposition to the subject matter of the appeal" at an informal conference. WAC 296-350-020, -050. In this manner, the Department can informally try to resolve disputes over an alleged violation instead of immediately forwarding the appeal to the Board.

RCW 49.17.140(3) also provides:

> If the director [of the Department] reassumes jurisdiction of all or any portion of the matter upon which notice of appeal has been filed with the director, any redetermination ***shall** be completed and corrective notices of assessment of penalty, citations, or revised periods of abatement completed within a period of thirty working days*, which redetermination shall then become final subject to direct appeal to the board of industrial insurance appeals within fifteen working days of such redetermination with service of notice of appeal upon the director.

(Italics and boldface ours.) RCW 49.17.140(3).

The interpretation of the word "shall" italicized above in RCW 49.17.140(3) is at issue in this case. Under the Court of Appeals' interpretation of the statute, the word "shall" imposes a mandatory, jurisdictional requirement on the Department to complete its redetermination within 30 working days. The Court of Appeals held that the Department's failure to complete its redetermination within this 30-day period resulted in the Department's loss of jurisdiction over the appeal, and the Department's untimely redetermination order was invalid because of this lack of jurisdiction.

The Department argues the word "shall" in RCW 49.17-.140(3) imposes only a discretionary, nonjurisdictional requirement. The Department asserts it may reassume jurisdiction over cases for longer than the 30-day period without losing jurisdiction to the Board. According to the Department, its redetermination order was valid under the statute even though it was issued over 2 months after the Department originally reassumed jurisdiction over the case, and the order became final after the Company failed by 1 day to timely submit its second notice of appeal.

The court must give words in a statute their plain and ordinary meaning unless a contrary intent is evidenced in the statute. *In re Estate of Little*, 106 Wn.2d 269, 283, 721 P.2d 950 (1986). It is well settled that the word "shall" in a statute is presumptively imperative and operates to create a duty. *Crown Cascade, Inc. v. O'Neal*, 100 Wn.2d 256, 261, 668 P.2d 585 (1983); *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984) (citing *State v. Bryan*, 93 Wn.2d 177, 183, 606 P.2d 1228 (1980)). The word "shall" in a statute thus imposes a mandatory requirement unless a contrary legislative intent is apparent. *Bryan*, 93 Wn.2d at 183 (quoting *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 377, 561 P.2d 195 (1977)).

We do not find a contrary legislative intent in this case. The Legislature specifically established the 30-day period contained in RCW 49.17.140(3) within a jurisdictional context. This 30-day time period applies when the Department "*reassumes jurisdiction* of all or any portion of the matter

upon which notice of appeal has been filed". (Italics ours.) RCW 49.17.140(3). The time period is thus a specific limitation on the Department's ability to retain jurisdiction over a case. If the time period is not met, the Department loses jurisdiction and must forward the case to the Board for determination.

Moreover, the statute provides that "the director *may* reassume jurisdiction" over the case but that "any redetermination *shall* be completed" within a period of 30 working days. (Italics ours.) RCW 49.17.140(3). The Legislature's use of both the word "may" and "shall" in RCW 49.17.140(3) indicates it intended the two words to have different meanings: "may" being directory, while "shall" being mandatory. *See State v. Bartholomew*, 104 Wn.2d 844, 848, 710 P.2d 196 (1985).

The plain language of RCW 49.17.140(3) therefore indicates the 30-day time period is mandatory and jurisdictional in nature. An agency may exercise only those powers granted to it by the Legislature. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 694, 575 P.2d 221 (1978). The Department's failure to complete its redetermination within the 30-day statutory period consequently results in the Department's loss of jurisdiction over a case.

The Department argues, however, that the court should construe the word "shall" in this case as imposing only a permissive requirement. The Department maintains a contrary determination would conflict with a number of cases in which the court found that the word "shall" imposed only a discretionary, rather than a mandatory, requirement. *See, e.g., Niichel v. Lancaster*, 97 Wn.2d 620, 647 P.2d 1021 (1982); *State v. Bryan*, 93 Wn.2d 177, 606 P.2d 1228 (1980); *State v. Miller*, 32 Wn.2d 149, 201 P.2d 136 (1948).

We find no such conflict with these cases. The court in these cases construed different statutes which necessarily involved different questions of legislative intent. The fact the word "shall" did not impose a mandatory requirement within a different statutory context has limited relevance for determining the legislative intent in this case. The Legislature in

this case specifically used the word "shall" within a jurisdictional context, unlike in the other cases cited by the Department. These cases are therefore distinguishable and are not in conflict with our decision in this case.

The Department also relies on *Brock v. Pierce Cy.*, 476 U.S. 253, 90 L. Ed. 2d 248, 106 S. Ct. 1834 (1986) to support its contention that the word "shall" in this case imposes only a permissive requirement. In *Brock*, a statute provided that the Department of Labor "shall" investigate complaints alleging the misuse of grant funds by a grant recipient and issue a final determination within 120 days of receiving the complaint. *Brock*, 476 U.S. at 254-55. The agency failed in *Brock* to meet this deadline. The grant recipient argued this failure completely divested the agency of the power to issue any determination on the recipient's alleged misuse of funds.

The United States Supreme Court examined the statute's language and legislative history and determined Congress did not intend to create a jurisdictional requirement in providing for the 120-day time period. *Brock*, 476 U.S. at 266. The Court also noted that important public rights involving the recovery of misused public funds would be prejudiced if the statute were construed as imposing a mandatory requirement. The Court concluded the agency did not lose the power to make a final determination on a complaint after the 120-day period expired.

*Brock* is distinguishable from this case. The statute in *Brock* did not establish the 120-day time limitation within the context of the agency's jurisdiction. Unlike in *Brock*, the time period in this case specifically applies when the Department reassumes jurisdiction over a case. The legislative intent in this case to create a mandatory requirement is clear from the language of the statute. Also, in *Brock*, important public rights would have been jeopardized if the statute had been construed as imposing a jurisdictional requirement: the government would have lost all power to investigate the alleged misuse of public funds. In contrast, the right at issue in this case is an employer's statutory right to appeal a citation for alleged

workplace violations. This right would not be impaired if the statute is construed as imposing a mandatory, jurisdictional requirement on the Department. If the Department fails to comply with the 30-day requirement, an employer's appeal is not terminated. Instead, the appeal proceeds to the Board for determination. *Brock* therefore does not support the argument that RCW 49.17.140(3) imposes only a permissive time requirement on the Department.

The Department next maintains the court should adopt reasoning from a line of federal cases in which courts determined the word "shall" in a statute does not impose a mandatory requirement on an agency unless the statute expressly requires an agency to act within the particular time period and also specifies a consequence for the agency's failure to act within this time period. *See, e.g., McCarthney v. Busey*, 954 F.2d 1147, 1152 (6th Cir. 1992); *St. Regis Mohawk Tribe v. Brock*, 769 F.2d 37, 41 (2d Cir. 1985), *cert. denied*, 476 U.S. 1140 (1986).

■ The United States Supreme Court expressly declined to adopt this reasoning in *Brock. See Brock*, 476 U.S. at 262. This reasoning has never been adopted in Washington, and we decline to adopt it in this case. The statutory language in this case is clear and unambiguous. The court will not construe unambiguous language in a statute. *King Cy. v. Taxpayers of King Cy.*, 104 Wn.2d 1, 5, 700 P.2d 1143 (1985). Any resort to additional rules of statutory construction from other jurisdictions is therefore unnecessary.

■ The Department also argues the Court of Appeals failed to give proper deference to the Department's determination that the 30-day period in RCW 49.17.140(3) is permissive and not mandatory. A court will generally give deference to an agency's view of the law in construing an ambiguous statute the agency is charged with administering. *Pasco v. Public Empl. Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992). The statute in this case, however, is not ambiguous. The 30-day time period contained in RCW 49.17.140(3) is mandatory and jurisdictional

under the plain language of the statute. The court does not exercise deference to an agency's interpretation of a statute if the statute is not ambiguous, and we do not do so in this case. *See Municipality of Metro Seattle v. Department of Labor & Indus.*, 88 Wn.2d 925, 929, 568 P.2d 775 (1977).

■ Finally, the Department has submitted supplemental materials to this court. These materials generally indicate the number of cases in which the Department fails to issue its redetermination order within the 30-day period and the number of appeals the Department resolves through its process of reassuming jurisdiction. The Department relies on these materials for the proposition that the 30-day time period is not a convenient or realistic time period for the Department to meet in issuing its redetermination orders. The Department first provided these materials to the Court of Appeals in its motion for reconsideration. The Company objects to these materials and argues it has not had the opportunity to challenge the accuracy or relevance of these materials in any court proceeding. *See Casco Co. v. PUD 1*, 37 Wn.2d 777, 784-85, 226 P.2d 235 (1951) (a reviewing court only considers evidence admitted in the trial court). We agree with the Company that these materials are not properly before the court and do not consider them in our disposition of this case.

We are cognizant, however, that the Department's resources for the timely redetermination of cases may be limited. The Department basically is arguing that RCW 49.17.140(3) needs to be amended to extend the Department's permissible reassumption period. However, such an argument should be raised before the Legislature, not the court.

The legislative history behind RCW 49.17.140(3) indicates some consideration was given for determining the appropriate length of time during which the Department could reassume jurisdiction before forwarding an appeal to the Board. When the Legislature originally enacted the statute in 1973, the statute required the Department to complete its redeterminations within 15 working days of reassuming jurisdic-

tion. Laws of 1973, ch. 80, § 14(3). The Legislature amended the statute in 1986 to change the 15-day requirement to the current 30-day requirement. Laws of 1986, ch. 20, § 1(3). Such an amendment evidently involved reweighing the important interests employees have in obtaining prompt relief from hazardous working conditions, the employer's interest in a timely and just resolution of its appeal, and the Department's resources for issuing redeterminations within the allotted time period. It is up to the Legislature, not the courts, to reweigh these interests in determining whether the statute needs to be amended.

## III

In conclusion, we hold that RCW 49.17.140(3) establishes a mandatory, jurisdictional requirement on the Department to complete its redeterminations within the 30-day period. The Department did not have the power to issue a redetermination order after the end of the 30-day period in this case, and its untimely redetermination order was invalid. The Company was therefore not required to file a notice of appeal on an invalid order. The Department's original citation remains the only valid order in this case, and the Company did file a timely notice of appeal on this original citation. The Company's original notice of appeal therefore remains operative to preserve the Company's right to appeal the citation.

We affirm the Court of Appeals. The Company's administrative appeal is reinstated, and we remand this case to the Board of Industrial Insurance Appeals for proceedings consistent with this opinion. The Company's motion for attorney fees is denied.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, GUY, and MADSEN, JJ., concur.