[No. 22608-1-II.   Division Two.   September 3, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS
MARION WRIGHT, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

ARMSTRONG, J. — Thomas Marion Wright appeals the trial court's order amending the judgment and sentence granted

against him to enforce this court's award of appellate costs. We affirm.

## FACTS

Wright unsuccessfully appealed his conviction for manslaughter in the first degree. In its subsequent mandate, this court awarded the State $2,723.90 as costs for Wright's appeal.

Consequently, the State brought a motion in the superior court to amend the judgment and sentence to include the costs award. Over Wright's objection, the court entered an order amending the judgment and sentence to enforce the award. Wright now appeals that order.

## ANALYSIS

Wright contends that the trial court erred in amending the judgment and sentence to include the award of appellate costs without inquiring into his ability to pay and into the burden that payment would place upon him and his family. Wright argues that the superior court abused its discretion by failing to exercise its discretion in imposing the costs upon him.

■ The State responds that the superior court had no discretionary authority when the State moved to amend the judgment and sentence to include the award of costs. Under RCW 10.73.160, an appellate court may provide for the recoupment of appellate costs from a convicted defendant. *State v. Blank*, 131 Wn.2d 230, 234, 930 P.2d 1213 (1997). An award of costs under the statute "shall become part of the trial court judgment and sentence." RCW 10.73.160(3).

The State correctly observes that the use of the word "shall" indicates a mandatory requirement. *See Erection Co. v. Department of Labor & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993). Moreover, a superior court is required to follow a mandate of this court. *See Harp v. American*

*Sur. Co.*, 50 Wn.2d 365, 368, 311 P.2d 988 (1957). Thus, the superior court had no discretion to decide whether to add the costs award to its judgment. Such an addition was required by this court's mandate and by RCW 10.73.160.

The State also points out that Wright's claim that the trial court failed to make the necessary inquiry into his ability to pay is premature. In upholding the constitutionality of RCW 10.73.160, the Washington Supreme Court stated that it is not necessary to make an inquiry into the defendant's ability to pay before including a repayment obligation in the judgment and sentence. *Blank*, 131 Wn.2d at 242. Rather, the Constitution requires an inquiry into ability to pay at the point of enforced collection or when sanctions are sought for repayment. *Id.*

RCW 10.73.160 ensures that this requirement is met by stating that a defendant "who has been sentenced to pay costs and who is not in contumacious default" may petition the sentencing court for remission of the payment of costs or of any unpaid portion. RCW 10.73.160(4). This subsection further provides that if the sentencing court is satisfied that payment of the amount due will impose "manifest hardship" on the defendant or the defendant's immediate family, the court may remit all or part of the amount due or modify the method of payment. *Id.*

As Wright admits, the statute clearly contemplates that an inquiry into ability to pay need be made only at the point of collection, and not when the recoupment order is made. Wright argues, however, that when financial obligations are ordered as part of a sentence, either the trial court or the Department of Corrections must set a monthly sum that the defendant is required to pay. RCW 9.94A-.145(1). Wright theorizes that because the superior court did not set a monthly sum for him to pay when it amended the judgment and sentence, the Department of Corrections has done so, and payment thus has been enforced.

This argument effectively accepts the State's position that an inquiry into ability to pay was not necessary when

the superior court entered the order under appeal because that order did not constitute an enforced collection of the costs awarded. Whether the Department of Corrections has enforced such a collection is not part of the record and is not at issue here.

Moreover, the inquiry outlined in RCW 10.73.160(4) arises only after a defendant is sentenced to pay costs and only pursuant to a petition for relief. Neither of these conditions had been satisfied when the superior court considered the motion to amend. The superior court properly amended the judgment and sentence to reflect this court's award of appellate costs without inquiring into the defendant's ability to pay. The court's order is affirmed.

BRIDGEWATER, C.J., and HUNT, J., concur.