# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47702-5-II |
| Respondent, | |
| v. | |
| CHRIS ALLEN FORTH, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Chris Allen Forth appeals his sentence, arguing the sentencing court erred when adding $5,600.72 in appellate costs from his first appeal to his judgment and sentence without first inquiring into his ability to pay. The State concedes the error. We reject the concession because RCW 10.73.160(3) required the sentencing court to add the costs to Forth's judgment and sentence. The remaining issue, raised in Forth's statement of additional grounds (SAG), is whether the court erred in only giving him credit for 204 days served in an Idaho jail. Because the parties agreed to the credit for time served, we hold this issue is waived. We affirm.

## FACTS

In 1994, a jury found Forth guilty of child molestation in the first degree and bail jumping. In 1995, Forth appealed his first degree child molestation conviction. While his appeal was pending in this court, Forth fled the state. He was later apprehended in Idaho.

Forth's appeal was reinstated after his arrest and this court affirmed Forth's molestation conviction, but remanded for a determination of the correct credit for time served while Forth was incarcerated in Idaho. *State v. Forth,* noted at 179 Wn. App. 1034, 2014 WL 689743, at *1, *review*

47702-5-II

*denied*, 181 Wn.2d 1023 (2014) (*Forth* I).  A commissioner of this court entered a cost ruling on December 15, 2014, awarding the State $5,600.72 in costs.  Forth's appeal mandated on January 9, 2015.  The mandate included the $5,600.72 cost award.

It appears from our record that the sentencing court did not act on this court's directive in *Forth I*.  On April 14, 2015, Forth filed a motion to modify or correct his judgment and sentence, relying on *Forth I*.  The sentencing court scheduled a hearing for June 12, 2015.  At the hearing, the parties stated that they had "an agreed order"[1] that Forth's credit served would increase from 191 days to 204 days.  Report of Proceedings (RP) at 4.  The court then granted Forth credit for 204 days served.

At the conclusion of the hearing, the court stated, "the other issue, then, is the imposition of appellate costs which the Court of Appeals has returned for the imposition of . . . costs."  RP at 4.  Forth replied, "according to *State v. Blazina*,[ 182 Wn.2d 827, 344 P.3d 680 (2015)], I cannot afford financial obligations at this point."  RP at 5.  The court replied, "Well, the Court of Appeals has sent it back for the imposition of costs."  RP at 5.  The court then added $5,600.72 in appellate costs to Forth's legal financial obligations (LFOs).  Forth appealed.

ANALYSIS

I    APPELLATE COSTS

Forth contends the sentencing court erred by failing to inquire into his current and future ability to pay before adding $5,600.72 in appellate costs to Forth's judgment and sentence.  We disagree.

"The court of appeals, supreme court, and superior courts may require an adult offender convicted of an offense to pay appellate costs."  RCW 10.73.160(1).  Under current Washington

---

[1] The actual order is not in this court's record.

2

47702-5-II

authority, a defendant may object to appellate costs before the appellate court files its decision, after the State files its cost bill, or in a motion to modify the commissioner's cost ruling. RAP 14.5; *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016)); *State v. Grant*, ___ Wn. App. ___, 385 P.3d 184, 187 (2016).

However, once a commissioner of this court orders appellate costs, and there is no motion to modify the commissioner's cost ruling, "[a]n award of costs shall become part of the trial court judgment and sentence." RCW 10.73.160(3). "The general rule is that the word 'shall' is presumptively imperative and operates to create a duty rather than conferring discretion." *State v. Bartholomew*, 104 Wn.2d 844, 848, 710 P.2d 196 (1985). "Moreover, a superior court is required to follow a mandate of this court." *State v. Wright*, 97 Wn. App. 382, 383, 985 P.2d 411 (1999). In *Wright*, we held that adding appellate costs to an offender's judgment and sentence, "was required by this court's mandate and by RCW 10.73.160." 97 Wn. App. at 384. Thus, the sentencing court had no discretion to decide whether to add the costs award to Forth's judgment and sentence once this court ordered appellate costs. The sentencing court properly concluded likewise during the June 2015 hearing.

Forth counters that he was actually requesting remission of the costs at the June 2015 hearing. RCW 10.73.160(4) permits a defendant to petition the sentencing court for the remission of costs if the amount due "will impose manifest hardship on the defendant or the defendant's immediate family." But there must actually be a "petition" and our record does not show Forth requested remission. RCW 10.73.160(4). Forth does not even mention remission in his motion to modify his judgment and sentence or during the June 2015 hearing. Moreover, the costs were not yet added to the judgment and sentence. He, therefore, could not request remission of costs that were not yet included in his judgment and sentence. If Forth has materials outside this court's

3

record showing he requested remission, his argument would be best raised in a personal restraint petition. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Moreover, we are mindful that Forth may petition the sentencing court for the remission of costs in the future as set forth in RCW 10.73.160(4). Thus, the potential future availability of a remission hearing permits Forth to raise many of the issues raised here.

In sum, we hold that the sentencing court's addition of appellate costs to Forth's judgment and sentence based on this court's appellate cost ruling was mandatory and not discretionary. Thus, the court was not required to inquire into Forth's ability to pay before adding the appellate costs to the judgment and sentence.[2]

II.     SAG ISSUES

In Forth's SAG, he argues the court erred in only giving him credit for 204 days served in an Idaho jail. This issue is waived.

During the remand hearing, the parties stated that they had "an agreed order"[3] that Forth's credit served would increase from 191 days to 204 days. RP at 4. The court then entered an order correcting Forth's judgment and sentence to give him credit for 204 days served. There was no objection.

Because Forth stipulated to the time credit amount, he is deemed to have waived the challenge. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874-75, 50 P.3d 618 (2002) (a defendant is deemed to have waived a challenge if the defendant made an affirmative stipulation of fact). Accordingly, we hold this issue is waived.

---

[2] Forth also argues a portion of the appellate costs should have been awarded to the State and not just Pierce County. Like Forth's objection to the award of costs, this issue should have been raised before the court of appeals commissioner. RAP 14.5.

[3] The actual order is not in this court's record.

Lastly, Forth includes a somewhat vague argument at the end of his SAG that the sentencing court "lost jurisdiction" to amend his judgment and sentence and include additional LFOs under RCW 9.94A.760(4).[4] SAG at 6. RCW 9.94A.760(4) provides, "legal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later." Because Forth is still incarcerated, the sentencing court retains jurisdiction to enforce LFOs.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, A.C.J.

Lee, J.

---

[4] Forth attaches two documents to his SAG in support of this argument, but the documents are not in our record. RAP 10.3(a)(8) provides, "An appendix may not include materials not contained in the record on review without permission from the appellate court." Accordingly, documents not included in this court's record will not be considered.