**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | No. 55148-9-II |
| Respondent, | |
| v. | |
| GEORGE H. HIGGINGS SR., | PUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — George Higgins Sr. was injured in 1989 while working as an electrician's helper. He received workers' compensation benefits, including disability and medical benefits. In 1992, his condition became fixed and the Department of Labor and Industries (Department) awarded him category 2 partial permanent disability and closed his claim. He attempted to reopen his claim in 1993 and 1994, but failed to provide sufficient medical evidence of aggravation. In 2005, over seven years after his claim was closed, he again sought to reopen it. He sought medical and disability benefits in the form of time loss compensation or a pension. The Department Director eventually granted him medical benefits and increased his disability award, but did not allow any additional time loss compensation.

Higgins appealed to the Board of Industrial Insurance Appeals (Board), arguing he was entitled to time loss compensation. He also argued that the Board should review his appeal under a preponderance of the evidence standard. The Board agreed that the preponderance of the evidence standard was the correct standard of review. The Department appealed that decision to

the superior court. The court ruled that the Board should have used the abuse of discretion standard in evaluating the Director's failure to award additional time loss compensation. Higgins appeals the court's standard of review ruling.

We agree with the Department and affirm the superior court's ruling that the correct standard to review the Director's decision is abuse of discretion, remanding this matter to the Board for proceedings consistent with this opinion.

FACTS

In 1989, Higgins suffered an industrial injury while working as an electrician's helper. That claim was closed in 1992 with a category 2 partial permanent disability award. Higgins attempted to reopen his claim in 1993 and 1994, but the Department denied both because there was no "objective medical worsening." AR at 176-77.

In 2001, Higgins opened an automotive shop, but was forced to close it in 2003 because he was unable to participate in the business due to his industrial injury. In 2005, more than seven years after his claim was closed, Higgins again sought to reopen his claim to receive time loss compensation or a pension. At first, the Director denied his reopening request, but eventually awarded additional medical benefits while denying Higgins's disability benefit request. Later, the Director reconsidered the denial and eventually awarded category 4 partial permanent disability benefits. The Director decided not to award time loss compensation, stating,

> I am not exercising my discretionary authority to find you eligible for time-loss compensation because you stopped working in 2003 and there is no contemporaneous medical [sic] to support that you stopped working due to your industrial injury.
> However, I am exercising my discretionary authority to find you eligible for permanent partial disability benefits in the interest of equity and good conscience, because you had a significant increase in permanent impairment of your lumbar condition.

55148-9-II

Administrative Record (AR) at 135.

Higgins appealed the Director's decision to the Board seeking time loss compensation or a pension. The Board concluded that under *Cascade Valley Hospital v. Statch*, 152 Wn. App. 502, 508, 215 P.3d 1043 (2009), the correct standard of review of the Director's decision is preponderance of the evidence. Accordingly, the Board reversed the Director's decision and remanded back to the Department to pay time loss compensation.[1] One Board member dissented.

The Department appealed the Board's decision to the superior court, arguing that the Board erred in using a preponderance of the evidence standard and that the correct standard was abuse of discretion. The superior court ruled that based on the language of RCW 51.32.160, the Director has discretion to decide whether to reopen a claim and the Board should have used an abuse of discretion standard to review the Director's decision. The court remanded to the Board to apply the correct standard. Higgins appeals the superior court's ruling.

ANALYSIS

I.  STANDARD OF REVIEW AND LEGAL PRINCIPLES

A.  Statutory Interpretation

The primary goal of statutory construction is to determine and give effect to the legislature's intent. *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 398, 377 P.3d 214 (2016). To determine legislative intent, we examine the plain language of the statute, the context of the statute in which the provision is found, and related statutes. *SEIU*, 193 Wn. App. at 398. "'[I]f the statute's meaning is plain on its face, then the court must give effect

---

[1] In a subsequent case concerning the Director's decisions under RCW 51.32.160, the Board decided that the preponderance of the evidence standard was incorrect and adopted the abuse of discretion standard, with one member dissenting. *In re: David A. Platzer*, No. 18 26897 (Wash. Bd. of Indus. Ins. Appeals August 4, 2020), http://www.biia.wa.gov/DO/1826897_ORD_20200804_DO.PDF.

3

to that plain meaning as an expression of legislative intent.'" *Green v. Pierce County*, 197 Wn.2d 841, 850, 487 P.3d 499 (2021) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)), *pet. for cert. filed*, No. 21-614 (U.S. Oct. 22, 2021). We may use a dictionary to aid in the interpretation of undefined terms. *Nissen v. Pierce County*, 183 Wn.2d 863, 881, 357 P.3d 45 (2015). The use of "may" in statutory language indicates the legislature intended the provision to be directory or advisory, while its use of "shall" is mandatory. *Erection Co. v. Dep't of Labor & Indus.*, 121 Wn.2d 513, 519, 852 P.2d 288 (1993).

Statutory interpretation is a matter of law that we review de novo. *SEIU*, 193 Wn. App. at 398. However, we give substantial weight to the Board's interpretation of the statutes it administers. *Coaker v. Dep't. of Labor & Indus.*, 16 Wn. App. 2d 923, 931, 484 P.3d 1265 (2021), *review denied*, 198 Wn.2d 1020 (2021).

B.       Reopening Claims Under RCW 51.32.160

The Industrial Insurance Act, Title 51 RCW, guarantees compensation for workers injured or suffering from occupational disease resulting from their employment. RCW 51.32.010; RCW 51.32.180; *Ma'ae v. Dep't of Labor & Indus.*, 8 Wn. App. 2d 189, 199, 438 P.3d 148 (2019). The Department determines whether a worker's condition qualifies for disability benefits. RCW 51.32.055.

A worker may appeal the Department's decisions to the Board. RCW 51.52.050(2)(a). Appellate bodies review discretionary administrative decisions for an abuse of discretion. *See McClure & Sons, Inc. v. Dep't of Labor & Indus.*, 16 Wn. App. 2d 854, 862, 487 P.3d 186 (2021) (stating that an administrative law judge's discretionary decisions are reviewed for an abuse of discretion).

55148-9-II

If a worker is unable to work due to an injury, they are entitled to temporary total disability benefits, including wage replacement, i.e. time-loss compensation. *Dep't of Labor & Indus. v. Blanca Ortiz & Universal Frozen Foods* (*Blanca Ortiz*), 194 Wn. App. 146, 150, 374 P.3d 258 (2016). Permanent disability awards become available to the worker once their condition becomes "fixed," considered the point when the worker will not continue to recover. *Franks v. Dep't of Labor & Indus.*, 35 Wn.2d 763, 766, 215 P.2d 416 (1950); RCW 51.32.055(1). If the injured worker will never be able to return to work, RCW 51.32.060(1) entitles the worker to permanent total disability benefits, also called a pension. *Blanca Ortiz*, 194 Wn. App. at 150. The Department may also award permanent partial disability benefits if a worker's injury or disease qualifies under RCW 51.32.080. *Blanca Ortiz*, 194 Wn. App. at 151.

Once the Department closes a claim, RCW 51.32.160(1)(a) allows the Department Director to reopen it. It states:

> If aggravation, diminution, or termination of disability takes place, the director may, upon the application of the beneficiary, made within seven years from the date the first closing order becomes final, *or at any time upon his or her own motion, readjust the rate of compensation in accordance with the rules in this section provided for the same*, or in a proper case terminate the payment: PROVIDED, That the director may, upon application of the worker made at any time, provide proper and necessary medical and surgical services as authorized under RCW 51.36.010.

RCW 51.32.160(1)(a) (emphasis added). The statute allows adjustment of benefits when a worker's disability aggravates. *Stach*, 152 Wn. App. at 508. The statute distinguishes between disability and medical benefits. *Id*. The Director may readjust a beneficiary's disability benefits under two circumstances (1) by the beneficiary's application if submitted within seven years of their claim closing, or (2) at any time upon the Director's own motion.[2] *Id*. Whether to provide

---

[2] Claims that have been closed for seven or more years are called "over-seven claims."

55148-9-II

disability benefits for over-seven claims is discretionary. *Soriano v. Dep't of Labor & Indus.*, 8 Wn. App. 2d 575, 578, 442 P.3d 269 (2019). By contrast, the Director may provide medical benefits at any time upon the beneficiary's application. *Id.*

III. THE CORRECT STANDARD OF REVIEW FOR THE DIRECTOR'S DECISION

Higgins argues that the superior court erred in ruling that the Director's decision to award certain benefits and deny others on "over-seven claims" must be reviewed by the Board for an abuse of discretion. Br. of Appellant at 1-3. Instead, he argues, case law requires the Board to use the preponderance of the evidence standard. We conclude that the Board must review the Director's decisions to reopen and to readjust benefits under RCW 51.32.160(1)(a) for an abuse of discretion.[3]

RCW 51.32.160(1)(a) expressly empowers the Director to grant or deny benefits within their discretion. The statutory language at issue here, in relevant part, states "[i]f aggravation . . . of disability takes place, the director may . . . readjust the rate of compensation." We examine the plain meaning of those terms. *See Green*, 197 Wn.2d at 850; *Nissen*, 183 Wn.2d at 881. In doing so, we may look to the dictionary to define statutory terms. *Nissen*, 183 Wn.2d at 881.

The dictionary definition of "readjust" states, "to adjust again; . . . to modify . . . by voluntary action so as to meet new conditions and take advantage of new opportunities." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1890 (2002). "Rate" has a number of meanings, but means in relevant part: "reckoned value: valuation . . . estimation . . . a charge, payment, or price fixed according to a ratio, scale, or standard." *Id.* at 1884. "Compensation" also

---

[3] Neither party disputes the Director's authority to grant previously unawarded categories of benefits on reopened over seven claims. Accordingly we do not address that question. Rather, the question before the court is what standard of review is applicable upon appellate review of the Director's use of the authority under RCW 51.32.160(1)(a), when a director reopens a claim to grant or deny benefits, or determines the specific dollar amount of those benefits.

55148-9-II

has multiple definitions, but most applicable here, it means "payment received by a worker or his dependents for claims under a work[er]'s compensation act or cash benefits received by eligible unemployed as provided by legislation." *Id*. at 463.

The legislature's use of "may" indicates its intent that the passage is directory, not mandatory. *See Erection Co.*, 121 Wn.2d at 519. The legislature's use of "may" empowers the Director to use their discretion when deciding to readjust compensation. *See id*.

Thus, the plain meaning of "may . . . readjust the rate of compensation" empowers the Director to modify the value of a beneficiary's disability benefits pursuant to new conditions. RCW 51.32.160(1)(a). Therefore, under the statute, the Director has the discretionary authority to determine eligibility for benefits, e.g. time-loss compensation, partial disability or total disability benefits. *See id*. Discretionary administrative decisions under Title 51 RCW are reviewed for an abuse of discretion. *See McClure & Sons*, 16 Wn. App. 2d at 862.

Notably, this conclusion is further supported by the Board's own analysis in *In re: David A. Platzer*, No. 18 26897 (Wash. Bd. of Indus. Ins. Appeals August 4, 2020), http://www.biia.wa.gov/DO/1826897_ORD_20200804_DO.Pdf, which we give substantial weight to. *See Coaker*, 16 Wn. App. 2d at 931. In that case, the Board acknowledged that it erroneously applied the preponderance of the evidence standard of review in *Higgins*, and amended its review of the Director's decisions under RCW 51.32.160 to an abuse of discretion. *Platzer*, No. 18 26897, 5-6. We give the Board deference in its interpretation of Title 51 RCW; therefore, the Board's order further supports our conclusion that abuse of discretion is the applicable standard. Because the plain language of RCW 51.32.160 empowers the Director to modify benefits at their discretion, we conclude that the Board reviews the Director's decisions under RCW 51.32.160 for an abuse of discretion.

7

55148-9-II

Higgins argues that *Stach* supports his position that the Director's authority is limited and therefore their decision should be reviewed on a preponderance of the evidence standard. Higgins relies on *Stach* to assert that because the Director must comply with the rules under Title 51 RCW, the Director's discretion is limited to deciding whether to waive the seven year statute of limitations and reopen the claim for benefits.

We disagree with Higgins's reading of *Stach*. In *Stach*, the court noted the parties' agreement that "the director's grant or denial of *specific benefits* is to be reviewed under the preponderance standard." 152 Wn. App. at 512 (emphasis added). But the court also indicated that "specific benefits" referred to specific dollar amounts, noting that the director in that case "did not purport to determine the amount of any benefit but rather stated an order would be forthcoming." *Id*. at 513. We conclude that *Stach*, therefore, applied the preponderance of the evidence standard to "specific benefits," meaning specific benefit dollar amounts, but did not apply the preponderance of the evidence standard to the discretionary decision on eligibility for benefits made by the director.[4]

Higgins also points to the conclusion in *Walmer v. Department of Labor & Industries*, 78 Wn. App. 162, 896 P.2d 95 (1995), that RCW 51.32.160(1)(a)'s phrase "readjust the rate of compensation in accordance with the rules in this section provided for the same" refers to Title 51 RCW and that this supports his position that the Director's discretion is limited to waiving the statute of limitations. But Higgins's assertion does not follow from *Walmer*.

Rather, the *Walmer* court, while engaged in an equal protection analysis, wrote that the Director's authority was limited by Title 51 RCW. 78 Wn. App. at 171. The *Walmer* court was

---

[4] Because this appeal did not involve a challenge to specific benefit amounts, we do not address whether the *Stach* court was correct in stating that the preponderance standard applied to specific benefits.

8

55148-9-II

merely responding to the appellant's assertion in that case that the Director's discretion was so unlimited that any exercise of such discretion was "per se arbitrary." *Id*. The *Walmer* court, in response, stated that "the Director must comply with the rules provided under Title 51 [RCW]."[5] *Id*. While the Director may be limited to the rules under Title 51 RCW for purposes of an equal protection analysis, for purposes of the standard of review, such limitation does not convert an otherwise discretionary decision to one that is reviewed on a preponderance of the evidence standard. *Walmer* simply does not support Higgins's standard of review argument.

Here, the Director exercised their discretion and refused to grant Higgins's request for time-loss compensation. Because the Director has discretion to award or deny categories of benefits for closed claims, the superior court's ruling that such decision should have been reviewed for an abuse of discretion was not erroneous.

## CONCLUSION

We affirm the superior court's ruling and remand to the Board for proceedings consistent with this opinion.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Glasgow, A.C.J.

---

[5] We quote this language without adopting it or approving of the reasoning underlying it.

9